## MULLEN v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

MUNICIPAL CORPORATION—AQUEDUCT COMMISSION—SUSPENSION OF INSPECTOR.
  The aqueduct commissioners of the city of New York, under Laws N. Y. 1883, c. 490, which authorizes them to employ and dismiss inspectors of the work of constructing the aqueduct, have no power to suspend such an inspector without pay, there being no provision in the statute for such suspension; and an inspector may recover pay for the time during which he was so suspended. Following *Gregory* v. *Mayor*, 113 N. Y. 416, 21 N. E. Rep. 119.

Appeal from circuit court, New York county.

Action by John Mullen against the mayor, aldermen, and commonalty of the city of New York. From a judgment for plaintiff entered on a verdict directed by the court, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William H. Clark*, (*Sidney J. Cowen*, of counsel,) for appellants. *Peter Mitchell*, for respondent.

VAN BRUNT, P. J. The plaintiff in this action was employed by the defendants through the aqueduct commissioners as an inspector of masonry to supervise and inspect the work of construction of the new aqueduct by virtue of the powers vested in such commission by the aqueduct act. The plaintiff duly entered upon the discharge of his duties, and continued in his employment until April 18, 1888, when he was "suspended by the division engineer in charge of the division in which the plaintiff was employed." He was then kept suspended without pay from time to time to the 4th of May following, when he was put back to work until the 18th of August, 1888. On the latter date he was again suspended by the division engineer, and continued so suspended until his final discharge. This action was brought to recover his salary during the period that he was suspended. We cannot see any distinction whatever between the case at bar and *Gregory* v. *Mayor*, 113 N. Y. 416, 21 N. E. Rep. 119. In that case it was held that, although the board of excise had the arbitrary right to remove inspectors, they had no power to suspend without pay. It was held in that case that no such power appeared in the language of the statute, and none was to be inferred from the necessities of the case. It is sought to distinguish the case at bar from the one cited, because of the different nature of the work to be performed by the inspectors; and it is claimed that they were "laborers" and not "officers" in the strict sense of that term, and that the suspension of an aqueduct inspector leaves no office to fill, nor does it create any vacancy which the law requires should be filled. That is precisely the case with the excise inspectors. They are simply employes of the department. The excise board in the case of the dismissal of an inspector is not required to appoint another. Neither does the suspension of an excise inspector leave an office to fill. There seems to be no distinction in reference to the powers conferred upon the aqueduct commissioners from those conferred upon the excise commissioners in respect to their inspectors. They had the right to employ and the right to dismiss, but there was no provision in the statute that the inspectors might be suspended from their employment without pay. It is urged that a dereliction on the part of an aqueduct inspector might, and in fact would, work incalculable injury to the city. That may be true, but, if there was such a dereliction of duty on the part of an inspector, the commissioners were amply empowered to dismiss the delinquent. It is urged that it was necessary to suspend during an investigation. It was equally necessary in the case of the excise board that, when a charge was made against an inspector, he should be suspended during an investigation. In fact there seems to be no argument in favor of the power of suspension in the one case that is not equally applicable to the other. We have read with care the opinion of Mr. Justice DALY upon this subject, but we do not think that the consideration urged by him, namely, that an agreement exacted from the employe that he is only to recover pay while he is at work, in any way affects the question; and besides, in the case at bar, no such agreement appears. It has been held over again that a compensation fixed by statute cannot be impaired by agreement between the corporate authorities and its employes. The judgment should be affirmed, with costs. All concur.