### EMMITT *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Superior Court of New York City, General Term.* April 16, 1891.)

1. MUNICIPAL CORPORATION—AQUEDUCT COMMISSION—SUSPENSION OF INSPECTOR.

The aqueduct commissioners of the city of New York, under Laws N. Y. 1883, c. 490, which authorizes them to appoint and fix the compensation of inspectors of the work of constructing the aqueduct, have no power to suspend such an inspector without pay, there being no provision in the statute for such suspension; and an inspector may recover pay for the time during which he was so suspended. Following *Mullen* v. *Mayor, etc.*, 12 N. Y. Supp. 269.

2. SAME—RIGHT TO SALARY—ESTOPPEL TO CLAIM.

While, under such suspension, an inspector executed a written agreement with the aqueduct commissioners, reciting his previous appointment, and thereby agreeing that "if he is suspended or discharged, for any cause whatever, while in the employ of such commission, * * * his pay as such inspector shall cease from and after the time of such suspension, subject to the direction" of the commissioners. *Held*, that he was estopped from claiming the invalidity of the agreement as to any period of suspension following its execution.

Exceptions from jury term.

Action by Albert Emmitt against the mayor, aldermen, and commonalty of the city of New York. On April 25, 1887, the aqueduct commissioners of the city of New York, created by Laws N. Y. 1883, c. 490, which authorized them, among other things, to "appoint and fix the compensation of suitable engineers and other persons to supervise and inspect all work hereby authorized," appointed plaintiff an inspector of masonry, to supervise the work of construction of the new aqueduct; and he thereafter served as such inspector,

except during several periods of suspension from duty by the commissioners, until he was finally dismissed, on February 12, 1890. On January 23, 1889, during one of such periods of temporary suspension, an agreement in writing, reciting his appointment as inspector, on April 25, 1887, was entered into between plaintiff and the commissioners, whereby he agreed, in consideration of being so appointed, "faithfully and diligently to perform the duties assigned to him as such inspector," etc.; and further agreed "that if he is suspended or discharged, for any cause whatever, while in the employ of such commission, * * * his pay as such inspector shall cease from and after the time of such suspension, subject to the direction of the aqueduct commissioners." The action was brought by plaintiff to recover his salary for the several periods during which he was suspended. At the trial the court directed a verdict for defendants, and ordered the exceptions to be heard in the first instance at the general term.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ

*Hatch & Warren*, for plaintiff. *William H. Clark*, (*Charles Blandy*, of counsel,) for defendant.

PER CURIAM. Since the trial in this action the main question of law raised by this appeal has been passed upon favorably to appellant's contention by the general term of the supreme court, in *Mullen* v. *Mayor, etc.*, 12 N. Y. Supp. 269. We have determined to accept this disposition of the question as correct, for the purposes of this appeal. The agreement of January 23, 1889, raises a question which should be determined in favor of the respondent. The plaintiff, by his action in executing this agreement, which was not prohibited by law, and did not relate to an illegal transaction, is estopped from claiming the invalidity of the agreement as to any period of suspension following its execution. It follows that the defendant is liable only for compensation for such periods of suspension as preceded January 23, 1889. The judgment should be reversed, and a new trial ordered, with costs to abide the event.