PHELAN *v.* MAYOR, ETC., OF NEW YORK.

(*Common Pleas of New York City and County, General Term.*   June 1, 1891.)

MUNICIPAL CORPORATIONS—AQUEDUCT COMMISSION—SUSPENSION OF INSPECTOR.

   Though the aqueduct commissioners of New York city have no power to suspend without pay an inspector of the work of constructing the aqueduct, under Laws N. Y. 1883, c. 490, which authorizes them to appoint and fix the compensation of inspectors, such an inspector, who was suspended, is estopped to claim his pay where he signed a writing, which recited his appointment, and provided that, if he should at any time be suspended, his pay should cease.

Appeal from trial term.

Action by William D. Phelan against the mayor, etc., of the city of New York.  Judgment entered on a verdict directed for defendants, and plaintiff appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Charles E. Burke*, for appellant.  *William H. Clark*, for respondents.

ALLEN, P. J.  In this action the court directed a verdict in favor of the defendants, and from the judgment entered upon the verdict this appeal is taken.  The plaintiff in the action was employed by the defendants, through the aqueduct commissioners, as superintending inspector of masonry on the new aqueduct.  He was appointed to this position on the 3d of October, 1888, and continued to discharge the duties thereof until April 1, 1889, when he was suspended from his position of superintending inspector.  On April 6, 1889, he was assigned to duty as an inspector, but not as superintending inspector, and performed services and received pay of such inspector until August 3, 1889, when he was suspended from the position of inspector.  This action is brought to recover the difference between the pay of superintending inspector at $135 a month, and that of an inspector at $120 per month, from March 30, 1889, to August 3, 1889, and the pay of superintending inspector from August 3, 1889, to February 1, 1890.  It is alleged in the answer, and was proved upon the trial, that on the 29th day of December, 1888, the plaintiff entered into an agreement in writing with the defendants, which recites his appointment as inspector, his subsequent promotion to the superintending inspector, and contains a clause to the effect that, if he is suspended or discharged for any cause whatever while in the employ of the said commission, he will promptly deliver to the division engineer all books and papers in his possession or under his control relating to said work, and his pay as such inspector or superintending inspector shall cease from and after the time of such suspension, subject to the direction of the aqueduct commissioners.  In the case of *Gregory* v. *Mayor, etc.*, 113 N.Y. 416, 21 N. E. Rep. 119, it was held that, while the board of excise commissioners had the power to remove their employes, there was nothing in the power to remove or expel which included the power to suspend, and that they had no authority to suspend an inspector without pay.  In the case of *Mullen* v. *Mayor, etc.*, 12 N.Y. Supp. 269, the same question of law was raised in the case of an aqueduct inspector, and the same decision arrived at.  The decision last referred to has been followed by the general term of the superior court in *Emmitt* v. *Mayor, etc.*, 13 N.Y. Supp. 887.  It seems, therefore, that unless the agreement of December 29, 1888, is operative, the right of the plaintiff to recover cannot be doubted.  That the plaintiff acted deliberately in entering into this agreement appears from the testimony in the case.  It cannot be successfully claimed that it is in any way unlawful.  On the contrary, it was made in the interest of a careful and economical administration of the commission.  It appears to be founded upon sufficient consideration.  It was made with officers who possess the power to appoint and discharge, and the agreement itself states that it is in consideration of being appointed and promoted that the plaintiff agrees that his pay shall cease from and after the time of suspension.  We think, therefore, the agreement is operative and binding upon the plaintiff, and that he is estopped from disputing the power to suspend for any period, and from claiming pay for any period during which he has been suspended.  We are aware that a statutory salary or compensation cannot be reduced except by law, and that corporate authorities have no power to fix the compensation regulated by statute at a less amount than that prescribed by the statute, and that the acceptance of a reduced compensation is not a waiver of the statutory provision.  *Kehn* v. *State*, 65 How. Pr. 488; *Satterlee* v. *Board*, 75 N.Y. 38.  This principle, however, has no application to the case before us.  The plaintiff's salary or com-

pensation was not fixed by statute, but was left to the discretion of the aqueduct commissioners, by section 33, c. 490, Laws 1883. The judgment appealed from should be affirmed, with costs. All concur.