Dykman, J.
This is an appeal from an order directing the issuance of a peremptory writ of mandamus requiring the commissioner of the department of health of the city of Brooklyn to restoi-e Jonas Litt to the position of meat inspector in that department.
Our conclusion is that the order should be affirmed on the opinion of the judge who made it.
Brown, P. J., concurs; Cullen, J., not sitting.
*410 The opinion of the justice upon the granting of a peremptory writ of mandamus was as follows:
‘Cullen, J.—‘‘The statute prescribes the period after his appointment, during which the head of a city department may remove a subordinate summarily and without cause. This limitation is prescribed not merely for the benefit of the employee but for the efficiency of the service in the city departments. It will not do either for the commissioner or for the courts to say that the period is too brief. It is sufficient to say that it is the time fixed by the statute. Therefore, by no arrangement or agreement between the commissioner and his subordinates, can the time be extended or the powers of the commissioner be increased. The same principle has been decided in the matter of salaries. In the case of People ex rel. Satterlee v. The Mayor, 75 N. Y. 88, the relator was appointed a police surgeon by a resolution fixing his compensation at $1,500 a year, which he accepted. The statute fixed the salary at $2,250. Held, that the relator was entitled to recover the difference. It was said by the court of appeals : ‘The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, or that the official can make a contract to that effect. The doctrine of waiver has no application to any such case.’ The same rule was held to apply to a mere employe of the state, a fireman at work in the capital. Kehn v. The State, 93 N. Y. 291. Surely, if a contract cannot modify the salary of a public employee in contravention of the statute, much less can it effect his tenure of employment.
“It may be claimed that though the employee could' revoke his resignation, it was the subject of acceptance till revoked. The frankness of the respondent in his affidavit disposes of such claim. The paper was in no sense a resignation except in form. It was given by the relator, not for the purpose of withdrawing from his employment, but as condition of securing its continuance. The respondent makes affidavit, ‘that said Jonas Litt (the relator) well knew if he did not give this deponent said letter of resignation, deponent had the power to and would dismiss him at once from said department.’ This frankness of statement shows that the respondent acted in entire good faith in his belief as to his powers, but, nevertheless, the action is wholly illegal. Motion granted, with $10 costs.”