CHARLES M. DRAKE, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

The act "to regulate the rate of wages on all public works in this state," etc. (§ 1, chap. 380, Laws of 1889), does not apply to laborers in the penal, reformatory, eleemosynary or educational institutions of the state, but only to those employed upon its public works.

Where, therefore, a fireman was employed in the Soldiers and Sailors' Home for thirty dollars per month, and at the end of each month received his pay, signing a receipt acknowledging full payment, and thereafter presented to the Board of Claims a claim for the difference between the sum unpaid and the wages fixed by law, *held*, that the claim was properly disallowed.

(Argued December 18, 1894; decided January 15, 1895.)

APPEAL from an award of the Board of Claims, made April 12, 1893.

The nature of the claim and the facts, so far as material, are stated in the opinion.

*J. F. Parkhurst* for appellant. Claimant was entitled to not less than two dollars a day or twenty-five cents an hour for his services. (Laws of 1870, chap. 385.) Chapter 380 of the Laws of 1889 is not limited to the compensation of employees upon the public works. (*In re Village of Middletown*, 82 N. Y. 196; *In re N. Y. & B. B. Co.*, 72 id. 527; *Newell* v. *People*, 3 Seld. 97; *McCluskey* v. *Cromwell*, 11 N. Y. 602; *People* v. *Molyneux*, 40 id. 121; *Bishop* v. *Barton*, 2 Hun, 436; 64 N. Y. 637; *Eberle* v. *Mehrbach*, 55 id. 682; *S. Assn.* v. *T. Assn.*, 12 J. & S. 136; *Brooklyn* v.

*Toynbee*, 31 Barb. 282; *Belrodaux* v. *H. B. L. Co.*, 30 N. Y. S. R. 656; *Clark* v. *State*, 142 id. 101.) The contention of the attorney-general before the Board of Claims, that the act should be construed to read " the wages of day laborers employed on the public works and all such employed otherwise than day laborers on the public works and the laborers thereon, *i. e.*, on the public works," is not tenable. (*People* v. *Molyneux*, 40 N. Y. 122; *People* v. *McCann*, 16 id. 58.) Claimant had made no contract to work a definite period at a fixed compensation; he was entitled to the compensation fixed by the state from the date the act took effect. (*Clark* v. *State*, 142 N. Y. 101.) The acceptance by claimant of compensation of less than the statutory rate and the giving of a receipt in full does not estop him. (*Kehn* v. *State*, 93 N. Y. 291; *Riley* v. *Mayor, etc.*, 96 id. 339; *Poole* v. *State*, 105 id. 22; *Clark* v. *State*, 142 id. 101; *Underwood* v. *F., etc., Ins. Co.*, 57 id. 506; *Smith* v. *G. F. Ins. Co.*, 62 id. 87; *Plumb* v. *C. C. Ins. Co.*, 18 id. 392; *Brown* v. *Bowen*, 30 id. 541; *Rindge* v. *Baker*, 57 id. 220; *Whitmore* v. *Mayor, etc.*, 67 id. 21; *Taylor* v. *Mayor, etc.*, Id. 91.)

*T. E. Hancock* for respondent. The claimant having entered into the employ of the state under an express contract made before the statute under which he seeks to recover was enacted, the contract must control, and was not affected by the subsequent legislation. (*Clark* v. *State*, 142 N. Y. 101.) A party who has entered into an express contract fixing his rate of compensation, and who has continued his employment without change of contract, accepting the stipulated amount of pay, is estopped from claiming the benefit of the statute. (*In re Cooper*, 93 N. Y. 507; *Phyfe* v. *Elmer*, 45 id. 102; *Embury* v. *Connor*, 3 id. 511; *Drew* v. *Mayor*, 8 Hun, 445; *Riley* v. *Mayor*, 96 N. Y. 338.) Chapter 380, Laws of 1889, under which extra compensation is sought to be recovered, had no application to the New York State Soldiers and Sailors' Home, but was limited to the public works of the state. (*H. I. Co.* v. *Alger*, 54 N. Y. 173; *Holmes* v.

*Carley*, 31 id. 289 ; *People* v. *Draper*, 15 id. 532 ; *People* v. *Gaul*, 44 Barb. 98 ; *Tonnele* v. *Hall*, 4 Comst. 140 ; *Bishop* v. *Barton*, 2 Hun, 496 ; *In re H. C. S. Inst.*, 5 id. 612 ; *People* v. *Stephens*, 13 id. 21 ; *People* v. *Molyneux*, 40 N. Y. 116 ; *Jones* v. *Sheldon*, 50 id. 477 ; *People* v. *Wood*, 71 id. 371 ; *People* v. *Davenport*, 25 Hun, 630 ; 91 N. Y. 574 ; *People* v. *Richards*, 108 id. 149.) The plaintiff having entered into an express contract to work for thirty dollars per month, cannot recover extra compensation for working more than eight hours per day. (Laws of 1870, chap. 385 ; *McCarthy* v. *Mayor*, etc., 96 N. Y. 1.)

*Per Curiam.* The plaintiff was employed as a fireman at the New York State Soldiers and Sailors' Home at Bath, from May 1, 1888, to March 27, 1889, for wages at the rate of thirty dollars per month. At the end of each month he received his pay and signed a receipt acknowledging full payment for the month's wages. He now claims a residue of his wages at the rate of two dollars per day, and bases his claim, mainly, upon the act, chapter 380 of the Laws of 1889 This act is entitled "An act to regulate the rate of wages on all public works in this state, and to define what laborers shall be employed thereon."

Section 1 provides that : " From and after the passage of this act the wages of day laborers employed by the state, or any officer thereof, shall not be less than two dollars per day, and for all such employed otherwise than day laborers, at a rate of not less than twenty-five cents per hour."

Section 2 provides that : " In all cases where laborers are employed on any public work in this state, preference shall be given to citizens of the state of New York."

He claims that this act, from and after its passage, secured to him compensation at the rate of two dollars per day. The Board of Claims decided against him on the ground that he was not one of the laborers " employed by the state, or any officer thereof " within the meaning of the act. The act was under consideration in the case of *Clark* v. *The State* (142

N. Y. 101), and our general views in reference thereto were there expressed, and it is not needful to repeat them here. The legislation embodied in the act conferred special privileges upon a certain class of laborers within the state, and sound policy requires that it should be strictly construed so that it will not be extended to cases not plainly within the legislative intent.

It must be noticed first that the purpose of the act as embraced in the title was to regulate the rate of wages " on all public works " in this state, and in construing the statute the title may be considered. (*People* v. *Molyneux,* 40 N. Y. 116; *Jones* v. *Sheldon,* 50 id. 477; *People ex rel.* v. *Wood,* 71 id. 371; *People ex rel.* v. *Davenport,* 91 id. 574.) If this first section of the act stood alone, unexplained by any other provision contained therein, or by the title, such a laborer as the claimant was would clearly be within its provisions. But in section 2 there is a further indication that the laborers the legislature had in mind were those employed on public works in this state, and we think the Board of Claims was right, considering the whole act with its title, in holding that it applied only to laborers upon such public works, and that it did not apply to laborers in the penal, reformatory, eleemosynary or educational institutions of the state.

The canals of the state are referred to in section 3 of article 5 of the Constitution as " the public works " of the state, and we believe that the main, if not the exclusive, purpose of the legislature was to provide for employment and wages upon such public works, and in the absence of a plain manifestation of the legislative intent we are unwilling to give the act broader scope.

The act, chapter 385 of the Laws of 1870, has no application to this case. (*McCarthy* v. *Mayor,* etc., 96 N. Y. 1.)

The award should, therefore, be affirmed, with costs.

All concur.

Award affirmed.