Lewis P. Pitt, Appellant, v. The Board of Education of the City of New York, Respondent.

New York (city of) — when board of aldermen authorized by charter so to do have fixed salary of position in department of education, board of education cannot increase or decrease the compensation.

1. Where the board of aldermen of the city of New York, pursuant to the authority exclusively vested in them by the charter, has adopted a resolution creating the position of draftsman in the department of education and fixed the salary, the board of education is powerless to increase or decrease such compensation.

2. Plaintiff was appointed to that position by the board of education, but was for a considerable period paid a less sum than that fixed by the board of aldermen. Several years afterward his salary was attempted to be increased by the board of education, and thereafter he filed a claim and demand for certain arrears of salary earned before such attempted increase, and when payment thereof was refused this action was commenced for the balance. The defendant asserts that a release was given by the plaintiff in return for the change of position on the part of the board of education, and, therefore, there was a valuable consideration therefor. Held, that

since the board of education had no power to decrease or increase the salary of plaintiff, there is an absence of consideration for the instrument signed by plaintiff and he is entitled to recover for six years' services prior to the date of the demand and claim.

*Pitt* v. *Board of Education,* 159 App. Div. 905, reversed.

(Argued October 21, 1915; decided November 23, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1913, affirming a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Erastus J. Parsons* for appellant. Plaintiff was entitled to receive salary at the rate of thirty-five dollars per week during the times mentioned in the complaint. (*Hogan* v. *Bd. of Education,* 200 N. Y. 370; *People ex rel. Stokes* v. *Tully,* 108 App. Div. 345; *Smith* v. *Bd. of Education,* 208 N. Y. 84.) The release was not under seal, was not intended as a gift and, therefore, required a valuable consideration to make it binding. (*Todd* v. *U. D. S. Instn.,* 118 N. Y. 342; *Town* v. *Bank,* 114 N. Y. 122; *Barnard* v. *Gantz,* 140 N. Y. 249; *Purdy* v. *R., W. & O. Ry. Co.,* 125 N. Y. 209; *Post* v. *Thomas,* 153 App. Div. 865; *Galls* v. *Mayor, etc.,* 15 App. Div. 63; *Farmers' Bank* v. *Blair,* 44 Barb. 652; *Tolhurst* v. *Powers,* 133 N. Y. 460.) The release is without consideration and is not binding upon plaintiff, appellant. (*Barker* v. *Bradley,* 42 N. Y. 319; *Fargis* v. *Walton,* 107 N. Y. 400; *Hogan* v. *Bd. of Education,* 200 N. Y. 370; *Post* v. *Thomas,* 153 App. Div. 865; *Seybolt* v. *R. R. Co.,* 95 N. Y. 562; *Arend* v. *Smith,* 151 N. Y. 502; *Vanderbilt* v. *Schreyer,* 91 N. Y. 399; *Horton* v. *Erie R. R. Co.,* 65 App. Div. 590; *Tolhurst* v. *Powers,* 133 N. Y. 460; *Bloodsgood* v. *Wuest,* 69 App. Div. 356.)

20

*Frank L. Polk,* Corporation Counsel (*Charles McIntyre* and *Terence Farley* of counsel), for respondent. The release was supported by a valuable consideration. (*Clark* v. *West,* 193 N. Y. 349; *Matter of Cusack* v. *Board of Education,* 176 N. Y. 136; *People ex rel. Connolly* v. *Board of Education,* 114 App. Div. 1; *People ex rel. Vineing* v. *Hayes,* 135 App. Div. 19; *Shane* v. *City of New York,* 135 App. Div. 218; *Collins* v. *City of New York,* 151 App. Div. 618; *Brown* v. *Bd. of Education,* 70 Misc. Rep. 399; *Sarecky* v. *Bd. of Education,* 67 Misc. Rep. 294; *Du Moulin* v. *Bd. of Education,* 124 N. Y. Supp. 901; *Sheehan* v. *Bd. of Education,* 120 App. Div. 557; 193 N. Y. 627; *Matter of Grendon,* 114 App. Div. 754.)

HOGAN, J. On the 30th day of June, 1903, the board of aldermen of the city of New York, pursuant to the provisions of the charter of that city, adopted a resolution fixing the salary of the position of architectural draftsman in the department of education at thirty-five dollars per week, which salary was payable monthly at the end of each month. June 1st, 1906, the appellant was duly appointed to the position of architectural draftsman in the department of education, and has since performed the duties of that position. From that day to June 10th, 1911, he was paid at the rate of thirty dollars a week.

On December 19th, 1912, he filed a claim and demand for the balance of the salary at five dollars per week, amounting to $1,303.56, payment of which was refused, and this action was brought to recover the amount alleged due to him.

Authority to fix the salary of plaintiff was, by the provisions of the charter of the city of New York, exclusively vested in the board of aldermen and duly exercised by that board, and the board of education was powerless to increase or decrease the amount of compensation so deter-

mined under the charter. (*Kehn* v. *State of N. Y.*, 93 N. Y. 291; *Hogan* v. *Board of Education of N. Y.*, 200 N. Y. 370; *Smith* v. *Board of Education of N. Y.*, 208 N. Y. 84; *Glavey* v. *U. S.*, 182 U. S. 595.)

Defendant respondent asserts plaintiff cannot recover by reason of the following facts: April 25th, 1911, the defendant addressed a letter to plaintiff stating in substance that at a meeting of the committee on buildings held the previous evening a resolution was adopted for presentation to the board of education increasing his salary and in connection with the same consideration had been given to the fact that claims had been made by employees for the difference between the amount of salary claimed and the amount of salary received, and inquired of plaintiff whether or not he had made or intended to make such claim against the board of education. The record does not disclose what reply, if any, was made by plaintiff to that letter. On May 23d, 1911, plaintiff executed and delivered to defendant a writing wherein, in consideration of the sum of one dollar and other valuable considerations, he did release and discharge the defendant from all claims or demands which he might have or may now have for arrears of salary as architectural draftsman or otherwise, and on the 14th day of June, 1911, the board of education adopted a resolution ratifying and approving the action of the committee on buildings in increasing the salary of plaintiff from thirty to thirty-five dollars a week, taking effect June 5th, 1911. The resolution recited the plaintiff had executed the instrument referred to. Counsel for defendant asserts that the release was given by the plaintiff in return for the change of position on the part of the board of education, and had the latter known that the plaintiff was going to enforce his claim it could have forthwith abolished his position, and, therefore, there was a valuable consideration for the release executed by the plaintiff.

It is not clear from the record in this case that any change of position was assumed by defendant otherwise than one favorable to plaintiff. The letter dated April 25th, 1911, notified plaintiff that the resolution had been adopted for presentation to the board of education increasing his salary, and while it asked from plaintiff information as to his intention regarding his claim for the difference between the amount of salary claimed and the amount of salary received by him, which was not furnished, no intimation was made that the alleged increase to be recommended was dependent upon his relinquishment of any right to salary of the position held by him as fixed by law. On the contrary, in connection with the adoption of the resolution purporting to increase the salary of plaintiff, the letter stated that consideration had been given to the fact that claims had been made and actions commenced against defendant to recover the difference between the salaries claimed and the amounts received. The letter of defendant is susceptible of a recognition of the claim existing in favor of plaintiff rather than a repudiation of the same.

As to any act of the defendant in the discharge of plaintiff or abolishment of his position, in case of a refusal on his part to relinquish his claim, it is sufficient to say we are not to consider what action might have been taken by defendant, but rather what action it did take. The plaintiff was not removed, his position was not abolished, and so far as the record indicates no intention to dispense with his services is disclosed. Reading the letter referred to, in connection with the instrument signed by plaintiff and the resolution adopted by the defendant, June 14th, reciting that the plaintiff having executed the instrument in question his salary was *increased* from thirty dollars to thirty-five dollars per week, discloses the lack of consideration for the release. This court had but a short time before decided the case of *Hogan* v. *Board of Education of N. Y.* (200 N. Y. 370), and the defendant sought to

avoid the decision in that case and to hold out to plaintiff a proposition of an increased salary as a consideration for a release and avoidance of any suit brought by him to recover his just compensation. Under the resolution adopted by the board of aldermen the salary due plaintiff, and payable to him at the end of each month was at the rate of thirty-five dollars a week. The defendant was powerless to fix or regulate the compensation to be paid. The action taken by defendant in June, 1911, pretending to increase the salary was a nullity.

This court, many years ago, in *People ex rel. Satterlee* v. *Board of Police* (75 N. Y. 38, 42), said:

"There is no principle upon which an individual, appointed or elected to an official position, can be compelled to take less than the salary fixed by law. The acceptance and discharge of the duties of the office, after appointment, is not a waiver of a statutory provision fixing the salary thereof, and does not establish a binding contract to perform the duties of the office for the sum named. The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, and procure officials to act, at a less sum than the statute provides, or that such officials can make a binding contract to that effect. The doctrine of waiver has no application to any such case, and cannot be invoked to aid the respondent."

Upon the trial of the action the plaintiff was not permitted to show the absence of a consideration for the release or the circumstances in connection with the making of the same. The trial justice erroneously held that the instrument, signed by plaintiff, was conclusive upon the subject.

Without discussing the other questions presented in the brief of respondent, all of which have received due consideration, we conclude that upon the facts in this case the absence of consideration for the instrument signed by plaintiff is apparent, and that plaintiff is enti-

tled to recover for six years' services prior to the date of the demand and claim.

The judgment should be reversed, and new trial granted, costs to abide event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment reversed, etc.