GEORGE S. WRIGHT, Appellant and Respondent, *v.* THE STATE OF NEW YORK, Respondent and Appellant.

Civil service — locktenders — interest — a locktender who has performed extra services is entitled to compensation therefor and to interest thereon from date of filing his claim.

1. A locktender on the Erie canal is within the statute (L. 1870, ch. 385, § 2, as amd. by L. 1894, ch. 622), relating to the hours of labor and the compensation of mechanics, workingmen and laborers, and entitled to recover compensation for extra services performed in excess of the hours of labor specified at the prevailing rate of wages in the locality where he was employed, together with interest thereon from the date of the filing of a claim against the State therefor.

2. The compensation of such locktender having been fixed by the statute, the Superintendent of Public Works was powerless to increase or diminish the same. The acceptance by the employee of a monthly salary and a receipt therefor on a monthly payroll did not operate as a waiver of a right to recover the additional compensation fixed by law.

*Wright* v. *State*, 180 App. Div. 151, modified.

(Argued February 15, 1918; decided February 26, 1918.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 14, 1917, modifying and affirming as modified a judgment in favor of plaintiff entered upon an award of the Court of Claims.

The facts, so far as material, are stated in the opinion.

*Richard Hurley* for plaintiff, appellant and respondent. Defendant's claim that a locktender is not a workman or laborer, under the statute, cannot be sustained. (*Clark* v. *State*, 142 N. Y. 101; *McCammon* v. *State*, 12 Ct. Cl. Rep. 20; 117 App. Div. 913.)

*Merton E. Lewis, Attorney-General (Edmund H. Lewis* of counsel), for defendant, respondent and appellant. The claimant was not a " workman " or " laborer " within the meaning of chapter 385 of the Laws of 1870 as amended by chapter 622 of the Laws of 1894. (*Farrell* v. *Bd. of Education,* 113 App. Div. 405; *People ex rel. Sweeney* v. *Sturgis,* 78 App. Div. 460; 175 N. Y. 470; *Byrnes* v. *City of New York,* 150 App. Div. 338.) The claimant, by his acts, has waived his right to recover herein. (*Ryan* v. *City of New York,* 177 N. Y. 271; *McCarthy* v. *Mayor, etc.,* 96 N. Y. 1; *Grady* v. *City of New York,* 182 N. Y. 18; *Farrell* v. *City of Buffalo,* 118 App. Div. 597; *Byrnes* v. *City of New York,* 150 App. Div. 338.)

HOGAN, J. In the years 1893–1894 the season of navigation on the Erie canal opened May first and

closed December first. During the years stated, the claimant was appointed by the Superintendent of Public Works a locktender on the Erie canal. His compensation was fixed by the Superintendent at $42.50 per month, which amount was paid to him at the end of each month during the two seasons and he receipted for the same on the monthly payrolls. During the two seasons there were two locktenders at the lock where claimant was employed, each one working twelve hours per day, seven days per week, that the canal might be continually open for navigation. Each locktender was ordered not to leave a lock until relieved by his successor.

April 25th, 1895, claimant duly filed a claim against the State for four hours' extra service performed by him daily during the two seasons, aggregating in amount $297.50. The claim was not tried until March, 1916. In September, 1916, judgment was entered in favor of claimant for the amount claimed, which upon appeal by the State was modified by the Appellate Division by reducing the recovery to the sum of $144.25, the amount due for services from and after May 10th, 1894, and, as thus modified, affirmed. Both parties appeal to this court.

The statute of 1870 provided by section 1 that eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers excepting those engaged in farm and domestic labor. Section 2 made applicable the law to mechanics, workingmen and laborers employed by the State. The Court of Claims construed the law of 1870 as sufficient to permit claimant to recover for the season of 1893. The Appellate Division followed the decision of *McCarthy* v. *Mayor, etc., of N. Y.* (96 N. Y. 1), and held to the contrary.

Chapter 622, Laws of 1894, became a law May 10th, 1894, and added to section 2 of the law of 1870 the following: "All such mechanics, workingmen and laborers so employed shall receive not less than the

prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality   *   *   *."

As will be observed, the statute of 1870, though regulating the hours of labor, contained no provision pertaining to the compensation to be paid therefor. The law of 1894 not only retained the regulation as to hours of labor, but made provision as to the compensation to be paid for a legal day's work to the class of persons named therein. The Court of Claims found that the prevailing rate of wages in the locality where claimant was employed was $1.50 per day of eight hours.

The Legislature having fixed the compensation to be paid to claimant as found, $1.50 for a legal day's work, the duty of the Superintendent of Public Works was clear. He was powerless to increase or diminish the amount of compensation fixed by law. (*Kehn* v. *State of N. Y.*, 93 N. Y. 291; *Clark* v. *State of N. Y.*, 142 N. Y. 101; *Pitt* v. *Board of Education, N. Y. City*, 216 N. Y. 304, and cases there cited.) It was incumbent upon him to ascertain the prevailing rate of wages in the localities where mechanics, workingmen and laborers were employed by the state and regulate the compensation for each as required by the amended law. Such compensation was to be paid for eight hours' labor. He could not demand or permit twelve hours' labor for such compensation. He had the alternative of employing additional help for the remaining eight hours or permitting the locktenders then employed to continue to work the additional hours and receive for the same the prevailing rate of wages for such extra hours. Having adopted the latter plan it was incumbent upon him to pay from the appropriation made therefor the amount of compensation contemplated and fixed by the legislature.

The Attorney-General urged in support of his appeal

two propositions which do not appear by the opinion of the Appellate Division to have been passed upon: *First*, that claimant was not a mechanic, workingman or laborer within the meaning of the statute. The labor performed by a locktender is so generally understood that precedents would seem unnecessary. This court has, however, considered the question adverse to such suggestion (*Clark* v. *State of N. Y.*, 142 N. Y. 101; *Drake* v. *State of N. Y.*, 144 N. Y. 414), rendering further discussion unnecessary. *Second*, that claimant by acceptance of a monthly salary, and his signature on the monthly payroll receipting therefor, waived the right to additional compensation. Such conclusion would permit an officer of the state to defeat the beneficient purpose of the statute and violate its provisions. The State expressed its intention as to the rate of compensation and the fact that claimant accepted a reduced compensation does not estop him from recovering the residue fixed by law. (*Clark* v. *State of N. Y.*, 142 N. Y. 101; *Pitt* v. *Board of Education N. Y. City*, 216 N. Y. 304.)

Claimant seeks to recover interest. I think he is entitled to the same from the date of the filing of his claim. He had earned the compensation fixed by law, the amount of which was not only fixed but ascertainable and known to the State. The Superintendent of Public Works was required to pay the rate of wages stated in the statute and a failure to extend to claimant the benefit of the statute entitled him to interest on the sum found due to him by the Appellate Division. In that particular the judgment of the Appellate Division should be modified, with costs to claimant in this court.

HISCOCK, Ch. J., CHASE, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment modified by adding interest on the claim as allowed from date of filing, and, as so modified, affirmed, with costs to claimant.