J. McCaffery (Claim No. 19211) and James William McCaffery (Claim No. 20150), Appellant, *v.* The State of New York, Respondent.

Third Department, November 18, 1931.

*Carter & Conboy,* for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler, Deputy Assistant Attorney-General,* of counsel], for the respondent.

Per Curiam. There are two claims by one claimant, which claims have been dismissed on the merits. One covers the period from April 1, 1923, to October 1, 1929; the other from September 15, 1924, to September 1, 1930. The hiring was by the month. Both parties performed. The statute under which the claims are presented is valid and recovery thereunder may be had if the proof is sufficient. (*Wright* v. *State of New York,* 223 N. Y. 44.)

Chapter 479 of the Laws of 1929 confers jurisdiction upon the Court of Claims to determine the claims of laborers, workmen and mechanics against the State for services rendered since April 1, 1923, while in the State employ on the canals " by reason of the failure of the State  *  *  *  to pay claimants the prevailing rate of wages  *  *  *  where claimants were respectively employed *  *  *.''  Chapter 701 of the Laws of 1930 amends this section to cover laborers receiving monthly or yearly wages at sums specifically provided for annually in the respective acts for the support of the

government. Chapter 736 of the Laws of 1930 extends the time for filing claims.

Claimant was employed as a lock laborer. His was an occupation rather than a trade. The services which he rendered to the State were not those of any trade. Strictly speaking there is no such occupation as lock laborer otherwhere than on the canals of the State. Nor is the work of a lock laborer fairly comparable to the work of any per hour common laborer. The per hour laborer usually has strenuous manual labor. He does common labor generally. The lock laborer, during the night hours, does nothing but the slight assistance he gives in locking boats through. When he is on a shift, wholly or partly in daylight, from time to time he has work to do; but when we consider the kind of work he was called upon to do and the territory within which he was to do it, his work could not be considered to be continuous or strenuous. The description of the work done and the hours worked by common laborers in the vicinity of this lock, when set against the description of the work that a lock laborer did, while in some respects there might be occasional similarity in general there is no real similarity. Nor can any fair comparison be made between per hour wages of a common laborer and monthly wages. The per hour laborer works when he gets a job and when he desires. The per month laborer gets his full pay and is assured full time pay if he remains " on the job." He loses no time except that which he voluntarily takes. His per hour earning is generally less than that of the day to day or per hour laborer.

The wage rates to be compared are not those of to-day with any previous year or month, but are those of the months or years as the period covered in the claim passed.

The claimant has failed to show a " prevailing rate of wages in the  *  *  *  occupation in the locality within the State where " claimant was employed greater than the amount which claimant has already received from the State during the period.

The judgment should be affirmed, with costs.

All concur, except WHITMYER, J., who dissents.

Judgment affirmed, with costs.