ROY W. LEGG and Twenty-Six Others, Petitioners, Appellants, against ARTHUR W. BRANDT, Superintendent of Public Works of the State of New York, and Others, Respondents.

Third Department, March 5, 1941.

*Harry W. Williams,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Patrick H. Clune, Everett D. Mereness, Edward J. Gretchen, Assistant Attorneys-General,* of counsel], for the respondents.

HILL, P. J.    The twenty-seven appellants seek a review of an order dismissing their petition in this proceeding brought under article 78 of the Civil Practice Act.    Twenty-six of them formerly held positions as assistant architects and one as an architectural draftsman, in the Public Works Department of the State of New York.    Between 1928 and 1931 they were suspended for lack of funds, and placed upon the preferred list.    (Civil Service Law, § 31.)    At various times during 1938 they were reinstated in the service of the State, and in each instance the salary paid was less than that received at the time of their separation from the service. They were again suspended on July 31, 1940, for lack of funds. This proceeding was commenced on September 11, 1940, by the service of a petition under article 78 of the Civil Practice Act, asking that the respondents, Superintendent of Public Works and Civil Service Commissioners, be directed to certify, and the Comptroller to pay to each of the appellants, the difference between the amount received and that which it is asserted should have been paid under section 31-c of the Civil Service Law.    That section reads: " An employee reinstated from a preferred list to same or to a similar position shall receive at least the same salary such employee was receiving at time of separation from the service." Each of the petitioners had accepted the lesser sum between the date of reinstatement in 1938 and the second separation from the service on July 31, 1940, but on August 24, 1940, a demand was made for the amount of the underpayments.    This proceeding was dismissed by the Special Term upon the sole ground that it was not commenced within the time prescribed by the Civil Practice Act (§ 1286), and the appeal is from that determination.

The Attorney-General seeks to have the order affirmed for the reason assigned by the Special Term, also he contends that if petitioners are entitled to any relief, they have mistaken their remedy; that by the acceptance of a lesser sum than the salary fixed by law, they have waived their rights to any additional amount, and that there is an accord and satisfaction, and that they are each estopped from any claim against the State; also he argues that section 31-c of the Civil Service Law has been repealed by implication by

chapter 498 of the Laws of 1938, which went into effect on April sixth of that year, and that the petition fails to state a cause for relief as it does not allege that an appropriation has been made from which the sums sought may be paid, and that, therefore, the Comptroller may not audit these claims. (State Finance Law, § 43.)

Petitioners' right to relief seems unquestioned, unless it has been cut off by the Statute of Limitations. I quote from the opinion in a recent case (*Quayle* v. *City of New York*, 278 N. Y. 19, 22): " In *People ex rel. Satterlee* v. *Board of Police* (75 N. Y. 38, 42) this court said: ' There is no principle upon which an individual, appointed or elected to an official position, can be compelled to take less than the salary fixed by law.' * * *. The common law rule formulated in that case has been restated by this court in differing form; but it has never been questioned or limited in any subsequent decision of this court. Acceptance by a public officer of an amount less than the salary fixed by law does not, upon any principle of waiver, estoppel or accord and satisfaction, bar recovery of the full salary. (*Kehn* v. *State of New York*, 93 N. Y. 291; *Clark* v. *State of New York*, 142 N. Y. 101; *Grant* v. *City of Rochester*, 79 App. Div. 460; affd. on opinion below, 175 N. Y. 473; *Pitt* v. *Board of Education*, 216 N. Y. 304.) "

The Comptroller may not issue his warrant addressed to any State disbursing officer in payment of the salary of a person in the classified service of the State unless a payroll containing that person's name shall be presented by the head of the department, bearing the approval of the State Civil Service Commission. Any person entitled to have a payroll containing his name certified by the Civil Service Commission and to receive a warrant from the Comptroller, may maintain a proceeding by mandamus (now art. 78) to compel the certification and issuance, if wrongfully refused. If the State Civil Service Commission finds that any person has been reinstated in violation of any provision of the Civil Service Law, it shall notify the Comptroller and he thereafter may not issue his warrant addressed to any disbursing officer of the State. " Any such person [so refused] may maintain a proceeding by mandamus to compel the payment of salary or compensation so withheld, if lawfully entitled thereto." (Civil Service Law, § 20.) It is the duty of the appointing officer, in this instance the Superintendent of Public Works, to report to the State Civil Service Commission the date of the commencement of service of an appointee and the salary or compensation to which he is entitled. (Civil Service Law, § 19.) In *Matter of Flaherty* v. *Craig* (226 N. Y. 76) the petitioner did not prevail, but no question was raised that mandamus was

not the proper remedy. In matters similar to this, mandamus was the remedy adopted. (*Matter of Nagelberg* v. *Finegan,* 267 N. Y. 632; *Hilton* v. *Cran,* 112 App. Div. 35; affd., 190 N. Y. 535.)

Under section 1286 of the Civil Practice Act, a proceeding of this character must be instituted by service of the petition and accompanying papers within four months after the determination to be reviewed becomes final and binding upon the petitioner. The " determination " by the appointing power, the Civil Service Commission or the Comptroller, to pay less than the salaries fixed by law, was not final and binding upon the petitioners, under the authorities earlier cited. The petition was served within the time mentioned in another part of the same section, *i. e.,* within four months after respondents' refusal upon petitioners' demand to pay the part of the salaries claimed to have been illegally withheld. Also, a petitioner may commence a proceeding of this character " with the court's permission " within two years after a determination becomes final and binding. If recourse were necessary to the latter provision, justice and equity would require a court to grant the permission, as all the allegations in the petition are presumed to be true, *inter alia,* the underpayment of petitioners.

There are no facts which show that section 2 of chapter 498 of the Laws of 1938, which became effective April 6, 1938, applies or that in this case it replaces section 31-c ■ of the Civil Service Law which was given its present number by chapter 488 of the Laws of the same year, effective April 5, 1938. The purposes of section 2 of chapter 498 are stated: " In order to adjust present salaries to correspond with the salaries specified in sections forty and forty-one of the Civil Service Law as added by this act   *   *   *," and " In order to increase all present salaries now below the established minimum and to equalize present salaries as rapidly as possible, all vacancies shall, notwithstanding the provisions of section thirty-one-b   *   *   *." It might well be that a defense could be interposed in this proceeding if the facts should make section 40 of the Civil Service Law, as amended by chapter 498 of the Laws of 1938, apply. However, at this time, we assume the allegations of the petition to be true, and may not speculate or conjecture about the effect of some other statute.

Likewise, if no money has been appropriated, that fact should be pleaded and proved by the respondents. The appointing officer is presumed to perform his duties in accordance with law. When he reinstated petitioners, he in effect represented that there were funds available to pay their full salaries.

The order appealed from should be reversed upon the law and facts, with fifty dollars costs and disbursements, with leave to each of the respondents, within ten days after service of the order of reversal entered hereon, to serve an answer upon petitioners' attorney, if they are so advised.

BLISS, HEFFERNAN and FOSTER, JJ., concur; SCHENCK, J., dissents, in a memorandum.

SCHENCK, J. (dissenting). I dissent and vote to affirm the order of the Special Term.

A proceeding of this character must be instituted within four months of a demand and refusal to perform a duty " specifically enjoined by law." (Civ. Prac. Act, § 1286.) The petitioners were reinstated in the service at various dates between April 12, 1938, and November 25, 1938, and each knew upon reinstatement that his salary was less than that required to be paid on reinstatement pursuant to the provisions of section 31-c of the Civil Service Law. Instead of making a demand within a reasonable time after their reinstatement, at which time each petitioner knew that his salary was less than that required to be paid, no demand was made until they were again separated from the service, on July 31, 1940. Apparently, the demand was made about August 24, 1940. A period ranging from a year and a half to upwards of two years prior to the institution of the proceeding herein does not meet the requirement that a demand should promptly follow knowledge of the failure of the respondents to perform a duty. As the justice presiding at the Special Term stated, " if the demand could indefinitely be delayed, the right to institute the proceeding could never be terminated by the passing of time." An unexplained delay of over four months " may in general be deemed *laches*." (*Matter of McDonald*, 34 App. Div. 512; *Matter of DeLack* v. *Greene*, 170 Misc. 309.)

The order dismissing the petition should be affirmed, without costs.

Order reversed on the law and facts, with fifty dollars costs and disbursements.