Roy W. Legg and Others, Petitioners, Appellants, *v.* Arthur
W. Brandt, Superintendent of Public Works of the State of
New York, and Others, Respondents.

Third Department, January 7, 1942.

*Harry W. Williams*, for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* and *Edward J. Gretchen, Assistant Attorney-General,* of counsel], for the respondents.

FOSTER, J.   Petitioners were employed prior to July 1, 1936, with one exception, as assistant architects in the Department of Public Works of the State of New York.   The one excepted was employed as an architectural draftsman.   On various dates between May 31, 1932, and July 1, 1936, petitioners were suspended from the State service because of lack of funds and their names placed on a preferred list.   They were reinstated in service at various dates during the year 1938, but at salaries lower than the salaries which they received at the times when they were suspended.   All of them were again suspended on July 31, 1940.   On August 24, 1940, a written notice was served in their behalf demanding the payment of alleged back salaries, *i. e.,* the difference between what they actually received upon reinstatement and what they would have received if paid at the same rate they had received at the times when they were first suspended.   This demand was made under section 31-c of the Civil Service Law, which reads as follows: "An employee reinstated from a preferred list to same or to a similar position shall receive at least the same salary such employee was receiving at time of separation from the service."   This section, added by chapter 525 of the Laws of 1936, was formerly numbered 31-b and has again been renumbered 31-b by chapter 533 of the Laws of 1941.

When their demand was not complied with this proceeding was instituted under article 78 of the Civil Practice Act for an order in the nature of mandamus.   The petition herein was dismissed at Special Term on motion of respondents on the sole ground that it was not instituted within the period specified in section 1286 of the Civil Practice Act.   On appeal the order of the Special Term was reversed.   (261 App. Div. 319.)   The matter has since been before the Special Term on the merits and an order of dismissal has been entered.   From this order petitioners appeal.

The reinstatement of petitioners was made possible by the enactment of chapter 523 of the Laws of 1938.   This statute authorized the construction of certain public buildings and provided an appropriation therefor.   It also provided in part (§ 18): "No monies appropriated by this section shall be available until the schedule of positions and salaries and the amounts required for the expenses of maintenance and operation shall have been approved by the Director of the Budget and a certificate of such

approval filed with the Chairman of the Senate Finance Committee and the Chairman of the Assembly Ways and Means Committee and the State Comptroller. Any such approved schedule may be amended, however, with the approval of the Director of the Budget and the filing of a certificate thereof with the officers above named." In accordance with this requirement a schedule of positions and salaries was approved by the Director of the Budget and filed with the Chairman of the Senate Finance Committee and the Chairman of the Assembly Ways and Means Committee, and also the State Comptroller. This original schedule provided for the employment of sixty assistant architects at a salary of $2,880 each.

All of petitioners, prior to the enactment of chapter 498 of the Laws of 1938, to which reference will be made hereafter, were in the grade known as Group D, and the minimum salary attached to this grade was $2,880. This classification was in force from January 11, 1937, to June 30, 1938, in conformity with a civil service resolution, adopted December 3, 1936, and approved by the Governor on January 11, 1937. It follows, then, that the salary of the lowest paid permanent employee in this grade, prior to the first reinstatement of any of the petitioners, which was on April 12, 1938, was $2,880. With this fact established, chapter 498 of the Laws of 1938 (amdg. Laws of 1937, chap. 859), which took effect on April 6, 1938, becomes pertinent. Section 2 of this statute, which amended section 6 of chapter 859 of the Laws of 1937, provided in part as follows: " In order to increase all present salaries now below the established minimum and to equalize present salaries as rapidly as possible, all vacancies shall, *notwithstanding the provisions of section thirty-one-b as added by chapter five hundred twenty-five of the laws of nineteen hundred thirty-six and sections forty and forty-one of the Civil Service Law,* be filled by original appointment, promotion or reinstatement as follows: *The vacancy shall be filled at the same salary then received by the employee who is the lowest paid of the permanent employees then holding the same position in the same promotion unit in the department * * *.*"

The court at Special Term held that this portion of the statute as quoted validated the salaries received by petitioners and is a complete answer to their contention that they are entitled to greater amounts because of section 31-c of the Civil Service Law (formerly § 31-b). It is difficult to see how this interpretation can be avoided. Prior to the reinstatement of any of petitioners the salary of the lowest paid permanent employee in their grade was $2,880. None of petitioners were reinstated at a salary below this figure, and hence under the express language of the statute quoted the rights of petitioners were not violated.

Moreover, petitioners were appointed for the specific purposes specified in chapter 523 of the Laws of 1938, subject to the appropriation and schedules mentioned in this statute and the reappropriation for the same purposes by chapter 125 of the Laws of 1940. All moneys appropriated thereunder, with the exception of $186.49, were allocated prior to July 31, 1940, the date on which petitioners were suspended because of lack of funds. Under the circumstances the courts have no power to direct respondents to take money from other appropriations not covered by the statute cited. This is a legislative matter and not within the purview of judicial review.

The order dismissing the petition should be affirmed, without costs.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order affirmed, without costs.