JOHN J. HANLEY, Respondent, v. THE CITY OF NEW YORK, Appellant.

First Department, April 9, 1937.

*William S. Gaud, Jr.,* of counsel [*Paxton Blair* and *Robert H. Schaffer* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellant.

*Sidney Sugarman,* for the respondent.

TOWNLEY, J.   The sheriff of Bronx county brought this action against the city of New York to recover the amount of certain salary deductions imposed by the city of New York under the Economy Act (Laws of 1932, chap. 637).   The salary for sheriff, as provided by chapter 879 of the Laws of 1930, was $15,000 per annum.   At the time the plaintiff assumed office, however, on January 1, 1934, this statutory salary had been reduced under the claimed authority of chapter 637 of the Laws of 1932 to $13,390. The plaintiff was paid at that rate for the year 1934 and no claim is made in this litigation for any salary in excess of the amount so paid.   In December, 1934, pursuant to chapter 178 of the Laws of 1934, the salary of the sheriff was again reduced to $9,000 per annum.   The plaintiff thereafter accepted his salary each month under protest and now claims the difference between $15,000 and $9,000 for some fourteen months.   Special Term granted a motion for judgment on the pleadings.   The case presents the following questions: (a) Whether article X, section 9, of the New York State Constitution protects the sheriff against any salary cut during his term of office, and (b) whether the office of sheriff is within the exceptions found in chapter 637 of the Laws of 1932 so that the reduction from $15,000 to $13,390 was ineffective.

Article X, section 9, provides: " No officer whose salary is fixed by the Constitution shall receive any additional compensation. Each of the other State officers named in the Constitution shall, during his continuance in office, receive a compensation, to be fixed by law, which shall not be increased or diminished during the term for which he shall have been elected or appointed; nor shall he receive to his use any fees or perquisites of office or other compensation."

It is claimed that while the sheriff is named in the Constitution (Art. X, § 1) he is not a State officer and not entitled to the protection provided for in article X, section 9.   The sheriff was classified as a State officer and a part of the State judicial system as far back as the Revised Statutes of 1829 (Pt. 1, chap. 5, tit. 1). This classification was continued down to the passage of the Public Officers Law (Laws of 1892, chap. 681).   Article X, section 9, was added to the Constitution in 1874 when this statutory classification of the sheriff was in effect.   It must be presumed that the framers of the Constitution used the expression " State officers " in its technical sense as established by the then legislative classification.   We conclude that article X, section 9, when it refers to " other State officers named in the Constitution," includes sheriffs.

Further confirmation of this conclusion is found in the fact that article X of the Constitution is devoted exclusively to matters affecting sheriffs, county clerks, district attorneys and registers. The inclusion in this article of section 9 would seem to clearly indicate an intention to provide protection for the salaries of those officers to whom the prior part of the article is exclusively devoted. The salaries of officers mentioned in the other articles of the Constitution are protected by specific provisions and if it were held that section 9 did not apply to the officers provided for in article X it would apply to no one not completely and adequately provided for elsewhere in the Constitution. The suggestion that words or provisions found their way into the Constitution through the oversight of its framers has not met with judicial approval. The attempted reduction in plaintiff's salary during the time he held office was in direct violation of this provision and plaintiff is entitled to recover the amount involved in such reduction.

There remains for consideration the question whether the base salary to be applied in determining the amount of plaintiff's recovery should be $15,000, as originally fixed by the Legislature, or $13,390, as fixed by the attempted reduction made prior to his taking office. Chapter 637 of the Laws of 1932, which in general terms allowed the board of aldermen on the recommendation of the board of estimate to make reductions in the salaries of persons paid out of the city treasury, contained the following exception in favor of the " salaries or compensation of any officer, employee or other person in the following State courts: The Appellate Divisions of the Supreme Court, First and Second Departments, the Supreme Court within the First Judicial District and Second Judicial District, the Surrogate's Courts of the counties of New York, Kings, Bronx and Queens, the Court of General Sessions of the County of New York." It has been specifically held in *Eberhard* v. *City of New York* (N. Y. L. J. April 30, 1936, p. 2205) that by this express exception the authority granted by chapter 637 of the Laws of 1932 did not include the salaries of the county clerk of Bronx county who was clerk of the Supreme Court, First Judicial District. There can be no doubt that the sheriff is also an officer of the court in the First Judicial District and that he has duties too well known and too numerous to mention in connection with the administration of justice in the First Department. The sheriff, therefore, comes specifically under the exception of chapter 637.

The court at Special Term was, therefore, correct in awarding judgment for the plaintiff upon the basis of the salary as originally fixed.

The judgment and order should be affirmed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Judgment and order unanimously affirmed, with costs.