FRANK J. QUAYLE, JR., Respondent, *v.* CITY OF NEW YORK, Appellant.

20

Submitted March 18, 1938; decided April 13, 1938.

*William C. Chanler, Corporation Counsel (Oren Clive Herwitz* and *Paxton Blair* of counsel), for appellant. By virtue of section 149 of the Charter of the City of New York (L. 1901, ch. 466), failure to sign the payroll under protest precludes recovery. (*People ex rel. McLaughlin* v. *Board of Police Commissioners,* 174 N. Y. 450; *Matter of McCarthy* v. *McGoldrick,* 266 N. Y. 199; *Ryan* v. *City of New York,* 177 N. Y. 271.)

*Louis Kunen* for respondent. The judgment below was correct and should not be disturbed. (*Hanley* v. *City of New York,* 250 App. Div. 552; 275 N. Y. 482; *McGrath* v. *Grout,* 171 N. Y. 7.)

LEHMAN, J.   The plaintiff was elected Sheriff of the county of Kings for the term commencing January 1, 1934, and ending December 31, 1935.   The salary attached to the office by the Legislature was $15,000.   The plaintiff served during the entire term for which he was elected. The Board of Aldermen upon recommendation of the Board of Estimate attempted to reduce the plaintiff's salary.   The plaintiff received and accepted the reduced salary, but in this action seeks to recover the difference between the amount received from the city and the amount of his salary as fixed by the Legislature.

The city in its answer pleaded that the reduction in plaintiff's salary was made pursuant to authority conferred by the Legislature under the provisions of chapters 636 and 637 of the Laws of 1932 and that the plaintiff was entitled to receive only the reduced salary.   The city also pleaded that " plaintiff made no notation to the effect that the amount received was received under protest upon his receipts for payment of salary upon the official payrolls of the defendant *during the period from January 1st, 1934, to and including December 31st, 1934.*"

A motion made by the plaintiff for judgment on the pleadings was granted at Special Term and the order was unanimously affirmed by the Appellate Division. Upon its appeal to this court, the defendant has abandoned its contention that, pursuant to authority conferred by the Legislature, the Board of Aldermen could, upon the recommendation of the Board of Estimate, reduce the salary of the plaintiff.   (Cf. *Hanley* v. *City of New York*, 250 App. Div. 552; affd., 275 N. Y. 482.)   It does not dispute that the plaintiff during the year 1935 did write upon the payrolls that the amount received by him was received under protest and it does not challenge the judgment for the amount of his salary withheld for the year 1935.   The only question presented upon this appeal is whether failure to make similar notation during the year 1934 bars any recovery of additional salary for that year.

The rule in this State is well settled that acceptance by a public officer of compensation less than the salary fixed by statute does not, upon common law principles, bar recovery of the full salary. In *People ex rel. Satterlee* v. *Board of Police* (75 N. Y. 38, 42) this court said: " There is no principle upon which an individual, appointed or elected to an official position, can be compelled to take less than the salary fixed by law. The acceptance and discharge of the duties of the office, after appointment, is not a waiver of a statutory provision fixing the salary thereof, and does not establish a binding contract to perform the duties of the office for the sum named. The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, and procure officials to act, at a less sum than the statute provides, or that such officials can make a binding contract to that effect. The doctrine of waiver has no application to any such case, and cannot be invoked to aid the respondent."

The common law rule formulated in that case has been restated by this court in differing form; but it has never been questioned or limited in any subsequent decision of this court. Acceptance by a public officer of an amount less than the salary fixed by law does not, upon any principle of waiver, estoppel or accord and satisfaction, bar recovery of the full salary. ( *Kehn* v. *State of New York*, 93 N. Y. 291; *Clark* v. *State of New York*, 142 N. Y. 101; *Grant* v. *City of Rochester*, 79 App. Div. 460; affd. on opinion below, 175 N. Y. 473; *Pitt* v. *Board of Education*, 216 N. Y. 304.) The same rule has been adopted by the Supreme Court of the United States, *Glavey* v. *United States* (182 U. S. 595) (citing with approval cases from this State); *United States* v. *Andrews* (240 U. S. 90, 93). Some States, it is true, have rejected the rule (See 2 McQuillin on The Law of Municipal Corporations [2d ed.], § 542), but the appellant does not question the authority or persuasive force of the decisions of this court.

We do not pause to analyse these cases in order to determine upon what ground the decision rests. It is sufficient now to point out that in all these cases the question to be determined was whether by voluntary act on the part of the officer, he had made a valid agreement to accept, as compensation for performance of his official duties, an amount less than the salary fixed by law or had estopped himself from asserting a right to such salary. In each case the decision was dictated by common law principles of contract or by equitable consideration in which public policy might be an important factor. In none of these cases had the Legislature provided by statute that, regardless of the intention of the parties or general principles of contract, waiver or estoppel, acceptance, without protest, by a public officer of compensation less than his salary, should bar recovery of additional compensation.

There lies the distinction between this case and the cases relied upon as authority for the decision of the courts below. Here the statute provides: " * * * Every official, employee or person who shall sign the receipt upon such payroll as having received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims against the city for wages or salary due to such person from the city of New York for the period covered by such payroll, unless at the time of signing such payroll the person receiving such wages or salary shall write legibly thereon in connection with his receipt, that the amount received is received under protest, and unless such protest is so written upon such payroll no recovery shall be had against the city of New York upon any further claim for wages or salaries for the period of time covered by such payroll." (Charter of the City of New York, § 149 [Laws 1901, ch. 466, as amd.].)

The language of the statute leaves no ground for doubt as to the intent of the Legislature. Where an official

whose salary is payable by the city of New York signs upon a payroll a receipt for moneys paid for official services and does not at the same time write that " the amount received is received under protest * * * no recovery shall be had against the city of New York upon any further claim for wages or salaries for the period of time covered by such payroll." In that statute the Legislature has defined for the future the public policy of the State. Its power there is not open to challenge. The right of a public official to recover from the city the full salary attached to the office is made subject to the condition that a claim against the city for such salary must be asserted promptly in the manner provided by the Legislature. Though we assume that acceptance of a lesser amount does not upon *principles of contract* create an accord and satisfaction or result upon common law or equitable principles in a waiver or estoppel, barring the assertion of any additional claim; yet by the statute the Legislature has decreed that regardless of intention of the parties or general principles of contract, waiver or estoppel, failure to make timely protest shall bar recovery.

If the statute does not transcend the powers of the Legislature under the Constitution of the State of New York or the Constitution of the United States, it must be enforced according to its terms. The plaintiff has not challenged its constitutionality. He accepted office with notice that his right to recover his full salary is subject to the conditions imposed by section 149 of the charter. No reason appears in this record for disregard of the statutory conditions.

The judgments should be modified by eliminating the amount awarded for unpaid salary for the year 1934 and as so modified affirmed, without costs. (See 278 N. Y. 598.)

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.