In the Matter of the Application of ARTHUR L. SHEVLIN and 141 Others as Set Forth in the Petition Herein, Petitioners, Respondents, for an Order under Article 78 of the Civil Practice Act against FIORELLO H. LAGUARDIA, Chairman, JOSEPH D. McGOLDRICK and Others, Members, Constituting the Board of Estimate and Apportionment of the City of New York, Appellants.*— Appeal by the defendants, constituting the board of estimate and apportionment of the city of New York, from an order of a Special Term of the Supreme Court, entered in the office of the clerk of New York county February 26, 1938. The proceeding is brought by the petition of 142 attendants of the Supreme Court and of the Appellate Division in the First Judicial District and Department, to procure payment of arrearages of salaries. By section 348 of the Judiciary Law such salaries are fixed by the justices of the Supreme Court and of the Appellate Division in the First Judicial District with the consent of the board of estimate and apportionment of the city at not less than $3,000 per annum. For the years 1933, 1934 and 1935 the aforesaid officials authorized to fix such salaries attempted to reduce the yearly salary of petitioners apparently in an attempt to conform with the provisions of chapter 637 of the Laws of 1932, which authorized a reduction of certain salaries during the emergency. The court below held that the special defenses were insufficient; that there was no authority in law for the reduction of the salaries and directed that provision be made by defendant board for payment of such arrearages. One of these special defenses (the third separate defense, paragraph XI) is to the effect that certain of petitioners signed monthly payrolls for the reduced salaries paid to each respectively for the years in question by the city of New York without writing on the receipt for such salary that it was received under protest. Section 149 of the Greater New York Charter in part provides that " Wages and salaries * * * may be paid upon payrolls, upon which each person named thereon shall separately receipt for the amount paid to such person, and the comptroller is hereby authorized and empowered, * * * to direct and require that * * * salaries shall not be paid except upon such receipt being individually signed by such person. Every official, employee or person who shall sign the receipt upon such payroll as having received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims against the city for * * * salary due to such person from the City of New York for the period covered by such payroll, unless at the time of signing such payroll the person receiving such * * * salary shall write legibly thereon in connection with his receipt, that the amount received is received under protest, and unless such protest is so written upon such payroll no recovery shall be had against the City of New York upon any further claim for * * * salaries for the period of time covered by such payroll." After the decision herein by the Special Term (166 Misc. 473) the case of *Quayle* v. *City of New York* (278 N. Y. 19) was decided by the Court of Appeals in which it was held that the sheriff of the county, whose salary had been attempted to be reduced and who had failed to note upon the receipt for his salary that it was received under protest, was barred from recovery for the balance of such salary by the provisions of such section 149 of the Greater New York Charter. This decision was followed by *Dodge* v. *City of New York* (278 N. Y. 25), relative to the

---

* Transferred from Appellate Division, First Department. (See *ante*, p. 720.)

salary of the district attorney. In the *Quayle* case it was pointed out that the constitutionality of section 149 of the Greater New York Charter was not challenged. In the matter before us the question of such constitutionality is raised and has been considered. Order reversed, on the law, without costs, as to those petitioners who do not controvert the allegations contained in paragraph number 11 in the third separate defense of the answer, with leave to apply to the Special Term to amend the petition or reply in such manner as they may be advised. Order affirmed, without costs, as to the petitioners mentioned in paragraph 11, being the third separate defense contained in the answer, concerning whom it is stated therein that they signed the payrolls under protest. Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur; Heffernan, J., dissents, and votes to affirm the order appealed from on the ground that chapter 398 of the Laws of 1912, and section 149 of the Greater New York Charter, do not apply to petitioners, and, hence, the decisions in the *Quayle* and *Dodge* cases are not controlling.