DANIEL E. FINN, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, June 30, 1939.

*David Segal*, for the plaintiff.

*William C. Chanler, Corporation Counsel [Robert H. Schaffer* and *Denis B. Sullivan* of counsel], for the defendant.

LEVY, J.   Plaintiff served as county clerk of New York county from January 1, 1930, to December 31, 1933, and as sheriff of that county from January 1, 1934, to January 1, 1937.   The statutory salary of both offices was $15,000 per annum.   However, he was paid less than his full statutory salary and has accordingly brought this action to recover the difference.

Clearly, the reductions made in the salary of the county clerk and sheriff were invalid in view of the fact that they are constitutional officers whose salaries could not be diminished during their terms of office.   (*Hanley* v. *City of New York*, 250 App. Div. 552; affd., 275 N. Y. 482; *Eberhard* v. *City of New York*, 163 Misc. 370.)

The defendant, the City of New York, does not seriously dispute the invalidity of the reduction but contends that plaintiff lost his right to make claim for the amount of the reductions by failure to note upon the official payrolls that the payments were received by him under protest. It relies upon the provisions of section 149 of the former Greater New York Charter which state that in the absence of a written protest the amounts received by any official, employee or person signing the payroll shall be deemed an accord and satisfaction of all claims against the city for wages or salary due him. Plaintiff contends that section 149, as applied to a constitutional officer, protected against reduction of salary during his term of office by section 9 of article X of the State Constitution, is unconstitutional.

In *Quayle* v. *City of New York* (278 N. Y. 19) the sheriff of Kings county was denied recovery of amounts deducted from his salary in violation of the Constitution on the ground that he had failed to make the required protest. It is important to observe, however, that the question of the constitutionality of section 149 of the charter was not raised. The Court of Appeals made express reference to this fact in its opinion and, apparently, left the question open (p. 24): " If the statute does not transcend the powers of the Legislature under the Constitution of the State of New York or the Constitution of the United States, it must be enforced according to its terms. The plaintiff has not challenged its constitutionality. He accepted office with notice that his right to recover his full salary is subject to the conditions imposed by section 149 of the Charter. No reason appears in this record for disregarding the statutory conditions."

In *Dodge* v. *City of New York* (278 N. Y. 25), decided at the same time, a similar holding was made, but there, too, apparently no attack was made upon the constitutionality of section 149 of the charter.

In *Matter of Rushford* v. *LaGuardia* (280 N. Y. 217) Judge RIPPEY referred to *Quayle* v. *City of New York* (*supra*) in the following language: " In *Quayle* v. *City of New York* (278 N. Y. 19) we held that section 149 of the *old* charter (Laws of 1901, chap. 466, as amd.), being the same as section 93c-2.0 of the Administrative Code, *if constitutional*, must be enforced according to its terms, notwithstanding the salary of plaintiff, a sheriff, was fixed by statute." (Italics this court's.)

Although he goes on to state that " In *Matter of Shevlin* v. *LaGuardia* (279 N. Y. 641) we held that section 149 was constitutional and was applicable to Supreme Court attendants " and that necessarily the same rules were applicable to clerks to the Munic-

ipal Court justices, yet it is important to observe that those attendants and clerks are not constitutional officers protected by the State Constitution against any diminution of salary during their term of office. It follows, naturally, that the cases of *Shevlin* v. *LaGuardia* and *Rushford* v. *LaGuardia* have no application to the salaries of officers who do enjoy the constitutional protection against salary reduction during the term for which they shall have been elected or appointed. Apparently this question has never before been presented for determination.

Section 9 of article X of the State Constitution provided that " Each of the other state officers named in the Constitution shall, during his continuance in office, receive a compensation, to be fixed by law, which shall not be increased or diminished during the term for which he shall have been elected or appointed." In view of this specific and unequivocal constitutional prohibition, it appears to be clear that section 149 of the former Greater New York Charter is unconstitutional as to such constitutional officers in that it would permit payment to them of a salary less than that guaranteed to them by the Constitution, unless they perform the affirmative act of noting their protests on the payroll. To that extent it attempts to qualify and restrict a right created by the Constitution without any qualifications or restrictions whatsoever. The act of the Legislature which thus attempts to qualify or alter in any respect the provisions of the Constitution itself must be held to be unconstitutional. The case of *O'Malley* v. *Woodrough* (307 U. S. 277), relied upon by the city, appears to have no application whatsoever to the question here presented for determination.

The motion for judgment on the pleadings and upon the stipulation between the parties is granted. Settle order.