JAMES E. CASHMAN, Plaintiff, *v.* TEACHERS' RETIREMENT BOARD, Defendant.

Supreme Court, Special Term, New York County, October 20, 1948.

*Leonard M. Wallstein* and *Leonard M. Wallstein, Jr.,* for plaintiff.

*John P. McGrath, Corporation Counsel (Michael A. Castaldi* and *Morris Weissberg* of counsel), for defendant.

HOFSTADTER, J. In this action for declaratory judgment, plaintiff has moved for judgment on the pleadings. The material facts are not in dispute. Only questions of law are presented by the pleadings. Plaintiff, who served as a teacher in the New York City public schools from September 6, 1912, until February 28, 1946, became a member of the Teachers' Retirement System on August 1, 1917. On March 1, 1946, he was retired for service on his own application. Defendant then awarded him an annual retirement allowance in the computation of which he was credited with regular interest on his salary deductions at the rate of 4% per annum. On September 5, 1947, plaintiff, on his own application, was restored to active service as a teacher, and thereupon payment of his retirement allowance ceased. On November 13, 1947, plaintiff was again retired for service on his own application. Again defendant awarded him a retirement allowance which included 4% regular interest.

The complaint alleges that the corporation counsel, in February and May of 1948, rendered two opinions to the effect that, because of a 1947 amendment to the retirement statute, teachers who retired from service before June 30, 1947, and thereafter re-entered the service should receive interest upon their subsequent salary deductions at the rate of 3% per annum.

Alleging that the defendant proposes to comply with the opinions of the corporation counsel, and to reduce plaintiff's retirement allowance, plaintiff seeks a judgment declaring

plaintiff is entitled to a retirement allowance which shall continue in an amount including the computation and allowance of regular interest at the rate of 4% for the period of service both before and after July 1, 1947. Further plaintiff asks for a restraining order enjoining defendant from redetermining or reducing the retirement allowance awarded plaintiff on November 13, 1947.

Following decisions like *Roddy* v. *Valentine* (268 N. Y. 228 [1935]) which held that pension rights in a retirement system could be changed or revoked at the will of the Legislature, the New York Constitution adopted in 1938 contained a provision (art. V, § 7) as follows: " After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.''

The Administrative Code of the City of New York (ch. 20, tit. B), contains the provisions governing the Teachers' Retirement System. Provision is made for the allowance of *regular* interest on the funds provided for in that retirement system (§ B20–32.0). Before the enactment of sections 5 and 6 of chapter 626 of the Laws of 1947, " Regular interest '' was defined in subdivision 22 of section B20–1.0 of the Administrative Code as " interest at four per cent per annum, compounded annually.'' Chapter 626 of the Laws of 1947 amended section B20–1.0 to read as follows: " 22. ' Regular interest ', in the cases of persons who are members on the thirtieth day of June, nineteen hundred forty-seven, shall mean interest at four per centum per annum, compounded annually, and in the case of persons becoming members thereafter, shall mean interest of three per centum per annum, compounded annually.''

I hold that the constitutional provision hereinabove quoted froze into a contract the statutory benefits accorded to plaintiff in 1940 and prohibited diminution of such benefits, one of which was a right to a 4% interest rate. The terms of the contract which the constitutional provision protected were the statutory provisions then extant. " Regular interest '' was then defined in the statute as 4%. Consequently chapter 626 of the Laws of 1947 could not constitutionally reduce the interest rate applicable to plaintiff's contributions to 3%, and should not be construed to apply to persons, like plaintiff, who were teachers and members of the retirement system in 1940.

Even if plaintiff's right to 4% interest had not become a contractual one in 1940, I agree with plaintiff in his contention

that he was a member of the retirement system on June 30, 1947, and the interest-reduction statute of 1947 by its express terms exempted him from its application. A proper construction of the retirement system statutes requires a holding that a retired teacher receiving a retirement allowance is a member of the retirement system. Defendant's argument that plaintiff when he retired was a " beneficiary " and not a " member " of the system is untenable. The terms are not mutually exclusive. A " contributor " and " beneficiary " are different categories, but both are members. As a " member " of the system in 1947, chapter 626 of the Laws of 1947 expressly continued the 4% rate as to plaintiff.

Plaintiff is therefore entitled to judgment on the pleadings as prayed for in the complaint. Settle order accordingly.