GEORGE SAWYER, Plaintiff, *v.* STANLEY CHURCH et al., Constituting the Board of Trustees of the Police Pension Fund of the City of New Rochelle, Defendants.

Supreme Court, Special Term, Westchester County, September 12, 1950.

*Herman L. Falk* for plaintiff.

*Aaron Simmons, Corporation Counsel* (*John Bodmar* of counsel), for defendants.

SCHMIDT, J. The plaintiff in this action seeks a declaratory judgment against the defendants to determine his pension rights.

The plaintiff was appointed a patrolman in the police department of the City of New Rochelle, New York, on August 18, 1924, and was a member of the city police pension fund. He was duly

retired from the said police department on September 1, 1949, with a pension of $1,725 per annum and his name was ordered placed on the rolls of the police pension fund.

The pension of $1,725 allotted to the plaintiff is one half of $3,450 — his salary fixed by the budget of the city — and does not take into account the cost of living adjustment which at the time of retirement amounted to $810 per annum. The plaintiff claims that this should be taken into consideration in fixing his pension and that he is entitled to one half of his salary as fixed in the budget plus one half of the cost of living adjustment payable to him at the time of his retirement.

The pertinent provisions of the law affecting this situation are found in chapter 268 of the Laws of 1904, as amended by chapter 651 of the Laws of 1921, and Local Laws and Charter of the City of New Rochelle, New York and are as follows:

" § 3. The said police pension fund shall consist of: *    *    *

" 4. All moneys, pay, compensation or salary or any part thereof forfeited, deducted or withheld from any member of the police force on account of absence from duty or loss of time, shall be paid monthly to the treasurer of the police pension fund." (L. 1904, ch. 268, § 3, subd. 4.)

" 5. A sum of money equal to but not greater than six per centum of the monthly pay, salary or compensation of each member of the police force, which sum shall be deducted monthly by the treasurer of the city of New Rochelle from the pay, salary or compensation of each and every member of the police force, and the said treasurer of the city of New Rochelle is hereby authorized, empowered and directed to deduct the said sum of money as aforesaid and forthwith pay the same to the treasurer of the trustees of the police pension fund." (L. 1904, ch. 268, § 3, subd. 5, as amd. by L. 1921, ch. 651, and Local Laws, 1940, No. 2 of City of New Rochelle.)

" § 4. The trustees of the police pension fund created by this act shall have power to grant and shall grant pensions, as hereinafter provided, to any member of the police force of said city of New Rochelle as follows:

" 1. *    *    *

" 1A. *    *    *

" 1B. Any person having served as a member of said police force for a period of twenty-five years shall, upon his request and with the consent of the director of public safety of said city, be retired from said force, and *shall thereafter receive from said fund a sum of money monthly, during his lifetime, equal to one-half of his monthly salary, received by him just*

*prior to his retirement.* Each member of the police force shall retire upon reaching his sixty-second birthday." (L. 1904, ch. 268, § 4, as amd. by Local Laws, 1940, No. 2, and 1948, No. 4 of City of New Rochelle; italics supplied.)

No deduction was made from the plaintiff's cost of living adjustment by the treasurer of the police pension fund — and in fact no part of this has ever been paid into the police pension fund. The city budget carried salary and cost of living adjustment in separate and distinct items.

The sole question here to be determined is what was meant by the term " salary " as used in the various acts here under consideration and under the circumstances here prevailing.

This cost of living adjustment came into being on August 16, 1943, by Local Law No. 1 of 1943, as follows:

" LOCAL LAW NO. ONE OF 1943.

" Introductory No. One. Print One.

" A local law authorizing and empowering the council of the city of New Rochelle to pay additional war emergency compensation to city employees.

" *Be it enacted by the council of the city of New Rochelle as follows:*

" Notwithstanding the provisions of section twenty-five of the General City Law of the state of New York or of the provisions of any other state law which does not in terms and in effect apply alike to all cities, or of the provisions of the charter of the city of New Rochelle, the council of the city of New Rochelle is hereby authorized and empowered to grant additional war emergency compensation to its officers and employees during the year nineteen hundred forty-three. Such increases, if given, shall be granted by an ordinance or ordinances which shall take effect immediately upon adoption if so specified in the ordinance or ordinances. A public hearing shall not be required on any ordinance or ordinances granting such increases in salaries.

" This local law shall take effect immediately.

" Authenticated and certified

this 16th day of August, 1943

Stanley W. Church, Mayor

Charles U. Combes, City Clerk "

The mention of " increases in salaries " in the local law above quoted appears to be significant.

There is no evidence in this case of any agreement between the plaintiff and the defendants or the city, to treat this payment as anything other than salary.

Considering all this, it remains the fact that the plaintiff was employed by the city, he was paid a salary by the city for his services, the city had no right or authority to make him any gift, and money paid to him must necessarily have been paid for services rendered by him. This being so the cost of living adjustment must be considered part of his salary, subject to pension contributions and subject to payment of pension to him.

Judgment for the plaintiff declaring that he is entitled to pension since his retirement upon the salary of $4,260 — he to make payment to the pension fund on the basis of his total salary.