MARTHA ABRAMSON et al., Appellants, *v.* CITY OF NEW YORK, Respondent.

First Department, June 19, 1951.

*David A. Savage* of counsel (*Donald A. Savage* with him on the brief; *David A. Savage,* attorney), for appellants.

*Helen R. Cassidy* of counsel (*Seymour B. Quel* with her on the brief; *John P. McGrath, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* It is not disputed that beginning with the budget appropriation for July 1, 1937, plaintiffs were entitled to the benefit of the McCarthy Increment Law (Local Laws, 1936, No. 45 of City of New York; Administrative Code, § B40–6.0). Defendant contends that payment of voluntary salary increases to plaintiffs constituted prepayment of the annual mandatory increments to them either in part or in whole. There is a real distinction between (1) voluntary increases in salary that could be made or refused in defendant's discretion at any time; and (2) mandatory salary increases which under the McCarthy Law "*shall* be provided in each annual budget and paid" (italics ours). That defendant voluntarily granted in its discretion salary increases it could have withheld is no valid reason why it may withhold the mandatory annual increments of $120 defendant was by law obligated to make. In any event defendant admits the order was erroneous as to seven of plaintiffs. Special Term erred in granting defendant judgment on the pleadings dismissing the complaint.

The right to recover wages in a case such as this is made subject to the condition that failure to note a protest is a bar to recovery in an action for salary differential (Administrative Code, § 93c–2.0; *Quayle* v. *City of New York,* 278 N. Y. 19, 24; *Pisciotta* v. *City of New York,* 300 N. Y. 664, motion for reargument denied, 300 N. Y. 755). Accordingly if the issue as to protest is a real one, that issue should be tried; but if in any particular case, there is no real issue as to protest, the parties may so stipulate and avoid in such case expense of trial.

The order and judgment appealed from should be reversed and the action remitted for trial, with costs to abide the event, with direction that judgment be granted plaintiffs for the remaining annual mandatory increments not provided for in the budget periods in question except in any case in which plaintiffs failed to sign the payrolls under protest.

CALLAHAN, J. (dissenting). I dissent and vote to affirm the judgment, with costs except as to plaintiffs Casey, Kinloch, Pisarelli, Tuttle, Waring, Webber and McDermott. As to those plaintiffs, the action should be severed and remitted for trial with a direction that judgment be allowed for the difference between $480 and the increases received by them subsequent to July 1, 1937, for all periods for which they signed the payroll under protest.

DORE, J. P., COHN, VAN VOORHIS and SHIENTAG, JJ., concur in *Per Curiam* opinion; CALLAHAN, J., dissents and votes to affirm the judgment, in opinion.

Order and judgment reversed and the action remitted for trial, with costs to abide the event, with the direction that judgment be granted plaintiffs for the remaining annual mandatory increments not provided for in the budget periods in question except in any case in which plaintiffs failed to sign the payrolls under protest. Settle order on notice.