JOHN J. LOMAX, Plaintiff, *v.* EDWARD J. MATTHEWS et al., as Trustees of the Police Pension Fund of the Village of North Pelham, Defendants.

County Court, Westchester County, July 23, 1951.

*Malcolm Wilson* for plaintiff.

*Harold F. Pritchard* for defendants.

BRENNAN, J. In this action, tried before the court without a jury, the plaintiff seeks to recover the sum of $1,500 alleged to constitute the unpaid balance of pension payments due him from the defendants (constituting the trustees of the police pension fund of the Village of North Pelham, N. Y.) for the period, beginning June 16, 1946, to and including June 1, 1951.

In the main, the facts herein are not disputed. It appears that pursuant to section 192 *et seq.* of the Village Law, a police pension fund was duly established in the village of North Pelham, N. Y.; that all of the defendants herein, other than D. M. Van Cott, are the trustees of said fund; that prior to June 16, 1946, the plaintiff had been a member of the police force of the village for a period of at least twenty-five successive years; that based upon his service on said police force, he applied for retirement, which application was granted and he was placed on the roll of the said police pension fund.

It also appears that prior to April 21, 1943, the plaintiff had been paid an annual salary of $2,400 per year. On April 21, 1943, the village trustees adopted a resolution wherein there was granted to the plaintiff, among others, an increased cost of living allowance in the sum of $250 per year, effective as of March 1, 1943, and said resolution also provided that the aforesaid allowance, to be paid during " the pleasure of the Board ", was to be made and accepted on condition that the same be not considered as part of the compensation of any member of the village police pension fund in computing the pension appertaining to such membership. On May 9, 1945, a similar resolution was adopted for a further increased cost of living allowance, effective as of March 1, 1945, in an additional sum of $120. On May 15, 1946, the village trustees adopted a further resolution, effective as of March 1, 1946, amending and fixing the compensation payable to the plaintiff herein and other first grade patrolmen, at an annual base salary of $2,400 plus a total increased cost of living or emergency allowance of $600. Although this last mentioned resolution does not specifically so state, it may fairly be inferred that the afore-mentioned condition relating to, and the duration of payment of, the increased cost of living or emergency allowance, as specified in the prior resolutions of April 21, 1943, and May 9, 1945, continued to apply to the allowances granted in said resolution adopted on May 15, 1946.

Since June, 1946, when the plaintiff was placed on the roll of the police pension fund, he has been paid a pension at the rate of $1,200 per year, being one half of his base salary of $2,400 per year, but the plaintiff contends that pursuant to subdivisions 7 and 10 of section 194 of the Village Law, there should have been paid to him a pension at the rate of $1,500 per year, for the reason that at the time of his retirement the current annual salary or compensation payable to him was in the total sum of $3,000.

It cannot be doubted that a municipality has no right or authority to make any gift or loan to any employee or other person, and that in the absence of an agreement to the contrary, an increased cost of living allowance must be considered as part of the compensation payable to a particular employee with the result that the total of the base salary and the increased cost of living allowance constitute the full compensation upon which the employee's pension must be based. Such a holding was made by Mr. Justice SCHMIDT in *Sawyer* v. *Church* (199 Misc. 1002). In the recent case of *White* v. *Hussey* (275 App. Div. 714), the Appellate Division of this department, in sustaining the sufficiency of an affirmative defense, ruled that while the provisions of section 7 of article V of the State Constitution provide that membership in any pension or retirement system of the State or of a civil division thereof is a contractual relationship and existing rights thereunder may not be impaired, those provisions do not prohibit or invalidate an agreement whereby a cost of living adjustment is paid and accepted upon the express condition that the same would not be deemed compensation for the purpose of computing a pension. Thereafter, the issues in the cited case were tried before Official Referee FREDERICK P. CLOSE, and it there appeared that the cost of living adjustment granted to the plaintiff policeman was paid pursuant to a resolution containing a similar condition to the effect that the said increase be not regarded as salary for pension purposes and be not deemed to change the employee's basic compensation for the purpose of computing a pension. Salary checks were thereafter issued to the plaintiff and said checks bore an indorsement stating that the increase in compensation included in each of said checks was subject to the terms and conditions set forth in the resolution which contained the aforementioned condition. The plaintiff accepted and indorsed each of said checks bearing the aforementioned legend indorsed thereon, and in the light of the plaintiff's conduct in accepting

these checks so indorsed, the court found that the defendant had established an implied agreement to exclude the increase from the officer's compensation upon which his pension should be based. The plaintiff's complaint in an action for a declaratory judgment was dismissed and the determination of the learned Referee was unanimously affirmed in *White* v. *Hussey* (276 App. Div. 1028).

In the case at bar there is no proof of any express agreement to exclude the increased cost of living allowance from the full compensation upon which the plaintiff's pension should be based; nor, in the opinion of this court, has an implied agreement to said effect been established. The proof herein does not show that any indorsements were contained upon the salary checks issued to the plaintiff. The plaintiff has testified, and it is not disputed, that he had no notice or knowledge of the aforesaid condition contained in the village resolutions wherein said increased cost of living allowances were granted to him. In *Miller* v. *Schloss* (218 N. Y. 400, 407), it was held that where one seeks to establish an implied agreement, it is essential that " The assent of the person to be charged is necessary and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted." In the light of this rule and the evidence presented in the case at bar, this court is of the opinion that the plaintiff did not assent to the afore-mentioned condition unilaterally imposed upon the increased cost of living allowance granted to him and the proof herein does not establish an implied agreement on the part of the defendant that said increased cost of living allowance be excluded from the plaintiff's " full salary or compensation " upon which his pension is required to be based. On the contrary, the evidence in this case shows that for the period beginning March 1, 1946, to the date of the plaintiff's retirement, June 16, 1946, the village treasurer deducted (as and for the plaintiff's contribution to said police pension fund) a sum equal to 5% of the plaintiff's base salary, together with 5% of the increased cost of living allowance paid him during said period. It may fairly be inferred that in accordance with subdivision 5 of section 193 of the Village Law, these deductions were then paid by the village treasurer to the village police pension fund. No part of these deductions have been refunded or tendered to the plaintiff herein. Certain it is that the deduction of those contributions which were deducted from the plaintiff's increased cost of living allowance and the payment and retention of the

same to and by the police pension fund, are inconsistent with and contrary to the defendants' contention that, under the circumstances here present, the increased cost of living allowance paid to this plaintiff should properly be excluded from the basis upon which the plaintiff's pension benefits are ordinarily required to be computed.

The defendants herein also resist the plaintiff's claim upon the contention that the right to a pension being contractual in nature, and said plaintiff was required to file, but failed to file, with the village clerk a written verified claim within one year after his cause of action accrued and failed to commence this suit within eighteen months after his cause of action accrued, pursuant to section 341-b of the Village Law. This section of the Village Law relates, however, to contract claims against the village but the village is not the debtor or the defendant in this action. A careful reading of sections 192 to 198, both inclusive, of the Village Law indicates that the police pension fund and the trustees of such fund constitute an entity, separate and apart from the village itself. Nor does the fact that under these sections, the village may, under certain contingencies, be required to contribute to said pension fund or to pay certain deficiencies which may remain due and unpaid from and by said fund, make the village the real party in interest in the matter of pensions. The provisions of said section 341-b should not be extended beyond their plain and unambiguous meaning and in this court's opinion, said provisions do not apply to this plaintiff's claim and cause of action.

In view of the foregoing, it seems clear that since his retirement, the plaintiff herein was and still is entitled, under the law, to an annual pension of $1,500 and the second defense contained in the defendant's answer, to the effect that the plaintiff is barred from a recovery herein because he has accepted and retained monthly pension payments paid to him at the rate of $1,200 per year, cannot be sustained. Monthly pension payments at the rate of $1,200 per year were paid to the plaintiff from June 16, 1946, to May 1, 1947, and thereafter similar payments were continued to be made despite the fact that under letter, dated May 7, 1947, the plaintiff's attorneys wrote to the defendants advising them of the plaintiff's right and claim to pension payments at the rate of $1,500 per year. In *Quayle* v. *City of New York* (278 N. Y. 19), and the cases therein cited at page 22, it was held that the acceptance by a public officer of an amount less than the salary fixed by law does not, upon

any principle of waiver, estoppel or accord and satisfaction, bar recovery of the full salary and in this court's opinion the principle of that rule applies to the case at bar.

Upon his retirement, this plaintiff was entitled to receive a pension of $1,500 per year from June 16, 1946, to and including June 1, 1951, said latter date being the most recent date mentioned in his complaint herein, as amended at the time of trial. During that period, he has been paid a pension at the rate of $1,200 per year. This court has computed the difference or unpaid balance to be in the sum of $1,487.50 and the plaintiff is granted judgment in that amount, with appropriate interest and costs. Settle judgment on notice.