JOHN F. DOYLE et al., Plaintiffs, *v.* HOYLE WRIGHT et al., Constituting the Committee and Trustees of the Police Pension Fund of the Village of Pelham Manor, et al., Defendants.

Supreme Court, Special Term, Westchester County, November 7, 1951.

*David Tepp* for plaintiffs.

*Roy T. Parker, Jr. (Bleakley, Platt, Gilchrist & Walker* of counsel), for defendants.

Doscher, J. Plaintiffs, retired police officers of the Village of Pelham Manor, sue to recover from the trustees of the police pension fund the difference between the amount of the annual pension actually being paid to them and the amount claimed to be due as the annual pension. The controversy revolved around so-called " emergency pay " and " target pay ".

The so-called " emergency pay " was originally established effective March 1, 1946, and by a later resolution, effective January 1, 1947. Only the plaintiff Arntsen is affected by the former, having retired during 1946. In the former resolution the base pay of each employee was increased by 25% as " emergency compensation ", with a proviso affecting members of the police pension plan whereby 10% of the increase was to have " no bearing on the amount of the pension granted " and " no deduction (was to) be made from the said 10% for payment to the Police Pension Fund ". The resolution of 1947 in effect froze the 25% into the base pay and added an additional " emergency " of 10% of the old base pay, which 10% was " to be excluded from pension consideration."

The so-called " target pay " was authorized each year by resolution of the board of trustees. Its stated purpose was for " additional compensation for proficiency in revolver practice ". Each annual resolution specifically provided that no part of such additional compensation " shall be or deemed to be part of the regular or base pay * * * or be considered in determining pensions, emergency compensation, or for any other purpose."

When each of the plaintiffs retired the trustees of the police pension fund computed the respective pension without regard to the 10% emergency pay or the target pay. This, plaintiffs claim, was erroneous and now bring this action to recover the difference they claim should have been paid.

Concededly, each plaintiff, upon retirement was entitled to be paid in accordance with subdivision 7 of section 194 of the Village Law " an annual pension * * * of the sum of not less than one-half of the full salary or compensation of such

* * * [officer] so retired ". Under subdivision 10 of the same section, full salary or compensation is deemed to be " the current annual salary or compensation payable " to the officer.

According to section 7 of article V of the State Constitution, membership in a pension fund (held by each of the plaintiffs) " shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Once a benefit, such as an interest rate on contributions, has been established, it may not be diminished thereafter (*Cashman* v. *Teachers' Retirement Bd.*, 193 Misc. 57, affd. 275 App. Div. 908, affd. 301 N. Y. 501). The establishment of a salary, fixed by a municipal body, is not a benefit that cannot be diminished. Salaries may be varied, they may be increased or decreased, and the pensions granted thereunder may vary accordingly (*Hoar* v. *City of Yonkers*, 295 N. Y. 274). Can then a municipality exclude from pension rights a part of the compensation paid an employee?

In the case of *White* v. *Hussey* (275 App. Div. 714), the plaintiff sued for a declaratory judgment as to whether his pension rights in the Mount Vernon Police and Paid Firemen's Pension Fund should be computed upon his total annual compensation, including a cost of living adjustment. An affirmative defense that the cost of living adjustment was paid and accepted upon the express condition that it would not be deemed compensation was sustained. In that case, the court said: " While membership in *any pension or retirement system* of the State or of a *civil division* thereof is a contractual relationship [citing State Constitution and cases] and existing rights may not be impaired, the constitutional provision does not prohibit an agreement such as that alleged in the defense pleaded." (Emphasis supplied.)

In the case at bar the same defense is pleaded as in the *White* case. In addition, it is alleged that each of the plaintiffs accepted pay, while employed, that had no deduction made for pensions from either the 10% " emergency pay " or the " target pay ".

This court is not unmindful of the decision of his learned colleague in the case of *Sawyer* v. *Church* (199 Misc. 1002). It appears, however, that there was no resolution by the legislative body in that case which reserved the emergency and cost of living adjustments from the pension fund. Without such a reservation, there could be neither an agreement to modify the contractual relationship which existed, nor acquiescence in such modification.

There is one other case that should be mentioned. In *New York Public Library* v. *City of New York* (275 App. Div. 307) the Appellate Division of the First Department held that employer and employee could not waive or alter the pension obligation. It should be noted, however, that in that case the State Retirement Fund was involved and the requirements of the Comptroller were declared to be paramount. In the case at bar, the State Retirement System is in no way involved. The question revolves around a pension system of a civil division of the State.

In view of the defenses pleaded and the averments set forth in the defendants' papers, a question of fact exists as to the agreement to waive or modify the contractual relationship existing under the pension system and the plaintiffs' acquiescence to that agreement. Such question of fact makes necessary the denial of plaintiffs' motion for summary judgment.

Submit order on two days' notice.