MAY S. ROSEN, Plaintiff, *v.* NEW YORK CITY TEACHERS' RETIREMENT BOARD et al., Defendants.

Supreme Court, Special Term, New York County, June 3, 1952.

*Benjamin M. Zelman* for plaintiff.

*Denis M. Hurley, Corporation Counsel (Edward J. McLoughlin* and *Helen R. Cassidy* of counsel), for defendants.

McNALLY, J. Motions 2569 and 2665 are consolidated and disposed of as follows. The plaintiff moves for judgment on the pleadings and the defendants move for summary judgment dismissing the complaint. The plaintiff is a retired school teacher. On March 23, 1950, the teachers' retirement system awarded the plaintiff an annual retirement allowance of $1,696.43. The basis for the retirement allowance is the

" average salary " which in the instant case embraced the five years preceding the plaintiff's retirement (Administrative Code of the City of New York, § B20–1.0, subd. 18). " Salary," within the meaning of subdivision 18, is that which was " earnable " by the plaintiff. In computing the average salary of the plaintiff cost-of-living bonuses for the period July 1, 1945, to July 1, 1947, were excluded by the defendants. In this action the plaintiff seeks a declaration of her retirement rights in respect of the said cost-of-living bonuses.

Section 7 of article V of the Constitution of the State of New York provides: " After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Section 7 was approved in November, 1938.

The provisions of the Administrative Code relied on by the plaintiff were in force when section 7 of article V of the Constitution of the State of New York was approved, and at the time the plaintiff retired. The basis for the computation of retirement allowances, as well as contributions to the annuity savings fund, was on July 1, 1940, a material constituent of the retirement system provided for by chapter 20 of the Administrative Code.

" Salary " in its natural and obvious sense is to be deemed its legislative meaning (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 94) and that meaning necessarily carries with it the concept of a payment for personal services rendered or to be rendered (Websters' New International Dictionary [1935 ed.]; Bouvier's Law Dictionary [Rawle's 3d Revision]). The cost-of-living bonuses here involved were for services to be rendered by teachers employed by the board of education and were so intended and applied. Terminology can not alter the fact that the sums represented by the so-called cost-of-living bonuses were appropriated for and resulted in the rendition of teaching services. The inescapable conclusion therefore is that the bonuses were salary within the meaning of chapter 20 of the Administrative Code and consequently within the ambit of section 7 of article V of the Constitution.

To the extent that the plaintiff's retirement allowance does not reflect the salary paid to her in the form of cost-of-living bonuses, the plaintiff has been deprived of a benefit within the meaning of section 7 of article V of the Constitution (*Cashman v. Teachers' Retirement Bd.*, 193 Misc. 57, affd. 275 App. Div. 908, affd. 301 N. Y. 501), unless it appears that the plaintiff has

contracted away her right to that benefit. The rights preserved by the Constitution are contractual and conceivably may be altered, modified or released by contract.

Towards the end of establishing that plaintiff relinquished her retirement rights in respect of the salary here involved, defendants advert to the underlying resolutions which expressly provide in substance that no pension rights shall accrue in respect of the salaries thereby provided for. In addition the defendants rely on the receipt without protest by plaintiff of the salary payments during the period July 1, 1945, to July 1, 1947.

In *White* v. *Hussey* (N. Y. L. J., May 20, 1949, p. 1820, col. 5, affd. 276 App. Div. 1028), the resolution of the board of estimate and apportionment of the City of Mount Vernon provided that the salary increase was not to be considered a change in basic compensation in computing a pension. The Charter of the City of Mount Vernon was there held to vest in the board of estimate and apportionment the power to fix salaries and to include the power to impose the conditions there involved. However, the application and the effect of section 7 of article V of the Constitution of the State of New York, was not there considered. Furthermore, in the *White* case it appeared that the checks received by the plaintiff contained an indorsement to the effect that they were being delivered and received subject to the resolution of the board of estimate and apportionment.

The provision pertaining to pensions in the resolutions here involved violated section 7 of article V, in that it unilaterally diminished and impaired a benefit of the retirement system. In accepting the salary payments the plaintiff was receiving what she was legally entitled to (*Toscano* v. *McGoldrick*, 300 N. Y. 156). The vice of the resolutions is that the plaintiff was not afforded the opportunity to accept the equivalent of the salary payment here involved subject to the pension rights and contributions in the event that she was unwilling to accede to the condition contained in the resolutions. Under the circumstances the plaintiff had no choice for the resolutions do not specify what, if anything, was to be paid to the plaintiff in the event she rejected the condition. It appears to the court that if the plaintiff had refused to accept the payments subject to the condition of the resolutions, payment to teachers other than the plaintiff of the salary provided for by said resolutions would have been contrary to the then requirement of uniform schedules of salaries for all teachers (Education Law, § 3101; *Harman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 21, 30).

It is unnecessary to consider the effect of the omission to make deductions of contributions to the annuity savings fund in respect of the salary payments here involved because the plaintiff concedes her liability therefor and the judgment herein will contain appropriate provisions for such contributions with interest.

Accordingly the plaintiff's motion is granted and the defendants' motion is denied. Settle order.