(November 12, 1952.)

∎

CHARLES A. BRUNNER et al., Respondents, *v.* CITY OF NEW YORK, Appellant.

Appeal from so much of an order of the Supreme Court at Special Term, entered March 28, 1951, in New York County, and from so much of the judgment entered thereon, as allowed interest on plaintiffs' recoveries from the first date of protests on the city payroll.

*Per Curiam.* Under the circumstances here disclosed, the mere signing of the payroll under protest, was not such demand for the payment of a particular sum or claim as is prerequisite for the running of interest against a municipality (*Rapid Transit Subway Constr. Co. v. City of New York*, 259 N. Y. 472, 495, 496 and cases cited therein).

The order and judgment appealed from should be modified by providing that interest on the sums recovered by the several plaintiffs shall be computed pursuant to section 3-a of the General Municipal Law from the respective dates when each plaintiff filed his notice of claim or demand with the comptroller of the City of New York and as so modified affirmed, with costs to defendant appellant. On the settlement of the order, the parties may agree upon the relevant dates.

COHN, J. (dissenting). Plaintiffs at all times were entitled to payment by the city of the full salary attached to their respective positions. (*Matter of Petrocelli* v. *McGoldrick*, 288 N. Y. 25.) Their refusal to accept partial payment of the salary due them by regularly signing the payroll under protest, was in each instance a proper and timely demand. In *Finn* v. *City of New York* (282 N. Y. 153, 156) it was stated that the failure to sign a payroll under protest resulted in "a statutory accord and satisfaction" of all claims against the city for salary. When an employee signs under protest he is asserting a claim against the city for the full salary attached to his position. (*Quayle* v. *City of New York*, 278 N. Y. 19.) In the circumstances here no occasion to make a further formal demand upon the comptroller was necessary. Plaintiffs were entitled to interest upon the amounts due in each payroll period for which they signed under protest. The order and judgment appealed from should be affirmed.

Dore, J. P., Callahan, Van Voorhis and Breitel, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents and votes to affirm, in opinion.

Order and judgment modified by providing that interest on the sums recovered by the several plaintiffs shall be computed pursuant to section 3-a of the General Municipal Law from the respective dates when each plaintiff filed his notice of claim or demand with the comptroller of the City of New York and, as so modified, affirmed, with costs to the defendant-appellant. Settle order on notice. On the settlement of the order the parties may agree upon the relevant dates. [200 Misc. 850.]