Howard E. Bell, J.
This is a motion brought on by the plaintiff for summary judgment in an action that has been commenced against the City of New York to recover the sum of $2,620.24, which represents the difference between the salary received by the plaintiff and that to which he claims he was entitled during the period he held the position of City Register of the City of New York.
There appears to be no dispute between the parties as to the facts herein. Prior to February 15, 1968, the plaintiff held the position of Deputy Assistant Corporation Counsel, Grade 4, and was assigned as counsel to the office of the City Register. The salary allocated for the position was $18,500 per year. It was increased to $19,250 per year on July 1, 1968.
On February 15, 1968, the Mayor of the City of New York appointed the plaintiff to the position of City Register of the City of New York, which position was held by the plaintiff until October 31, 1968. The salary allocated for this position was $22,500 per year.
During the time the plaintiff held the latter position and performed the duties in connection therewith, he was continued ■on the payroll as Deputy Assistant Corporation Counsel, Grade 4, and received the salary allocated for that line. No one received the salary allocated for the line of City Register.
Between February 15, 1968, and October 31, 1968 (the period plaintiff held the position of City Register) there were 19 biweekly pay periods. Of the 19 paychecks received by the plaintiff he indorsed 13 “ under protest.” The aggregate salary differential represented by these 13 checks amounted to $1,748.14. The remaining 6 checks that were not indorsed “ under protest ” represented an aggregate salary differential of $872.10.
A prior motion by the plaintiff for partial summary judgment in connection with the $1,748.14 differential was granted by my colleague Judge Daniel M. Kelly and the action was severed as to the remaining $872.10.
The plaintiff now seeks to recover the remaining $872.10. The defendant (hereinafter called the City) does not dispute the amount due, but contends that the plaintiff cannot recover, since the 6 checks representing this differential were not indorsed ‘ ‘ under protest ’ ’ as required by section 93c-2.0 of the Administrative Code of the City of New York.
The pertinent part of said code for the purpose herein is subdivision b which states: ‘ ‘ The comptroller is hereby authorized in his discretion, to direct and require, as an alternative to the procedure provided in subdivision a hereof, that wages and salaries within any department or agency of the city or *184 any part or unit thereof may be paid upon payrolls by checks corresponding to such payrolls, without any receipt upon such payroll by the person receiving such check; provided, however, that every official, employee or person receiving such a check without signing such payroll pursuant to the provisions of this subdivision, shall, by the endorsement or negotiation thereof, or by the deposit of such check to the account of such person, be deemed to have made an accord and satisfaction of all claims against the city for wages or salary due to such person from the city for the period covered by the payroll corresponding to such check, unless at the time of endorsing or negotiating such check or depositing such check to the account of such person, the person receiving such wages or salary shall write or cause to be written legibly thereon that the amount received is received under protest, and unless such protest is so written upon such check, no recovery shall be had against the city upon any further claim for wages or salaries for the period of time covered by the payroll corresponding to such check.” (Emphasis supplied.)
Prior to the enactment of the statute the law in this State was well settled that acceptance by a public officer of compensation less than the salary fixed by statute did not, under common-law principles, bar recovery of the full salary (People ex rel. Satterlee v. Board of Police, 75 N. Y. 38; Quayle v. City of New York, 278 N. Y. 19). Since the statute is in derogation of the common law it must be strictly construed herein.
In addition to the Administrative Code, the City cites numerous cases to support its position and has put a great deal of emphasis on Quayle v. City of New York (supra).
In the Quayle case the plaintiff was elected and served two terms as Sheriff of Kings County. The salary attached to the office by the Legislature was $15,000 per year. The Board of Aldermen upon recommendation of the Board of Estimate attempted to reduce the salary. The plaintiff received the reduced salary and after his term was completed commenced an action to recover the difference between the amount received from the City and the amount of the salary as fixed by the Legislature. During the first year of his term of office plaintiff failed to note upon the official payroll that the amount was received under protest, but did make such notation upon the payroll for the second year. The court held that the plaintiff could not recover the first year differential in salary and stated (pp. 23-24): “ Where an official whose salary is payable by the city of New York signs upon a payroll a receipt for money, paid for official services and does not at the same time write *185 that ‘ the amount received is received under protest * * * no recovery shall he had against the city of New York upon any further claim for wages or salaries for the period of time covered by such payroll.’ ”
The court is of the opinion that neither the Quayle case nor the other cases cited by the City, i.e., Gendel v. City of New York (297 N. Y. 933); Toscano v. McGoldrick (300 N. Y. 156); McKibbin v. City of New York (182 Misc. 671, affd. 295 N. Y. 592); Matter of Stick v. Wagner (18 A D 2d 454 [3d Dept.], affd. 14 N Y 2d 530) and Matter of Rein v. Wagner (25 A D 2d 356 [3d Dept.]) answer the precise issue raised in this case.
In the case at bar the plaintiff is not seeking to recover the difference between the salary received for the position held and the salary fixed or allocated for that position, but rather to recover (with an allowance for compensation received) the salary for an entirely different position from that delineated on the City’s payroll for which the checks in question were issued. Therein lies the distinction between this case and the Quayle case as well as the other cases cited by the City to sustain its position. In any event an indorsement of the checks “ under protest ” would have been futile since each represented the full amount 1 ‘ for the period covered by the payroll corresponding to such check ”,
There appears to be a dearth of reported cases on the unique issue raised herein. The issue was decided however, in Crowley v. City of New York (299 N. Y. 657) where the plaintiff, an employee of the City of New York Department of Health, sought to recover the difference between the salary of Medical Consultant and that of Junior Epidemiologist for the period from June 29, 1940 through April 10, 1943. It was the City’s contention at that time, as it is now, that the failure of the plaintiff to protest the salary when received prevented recovery. The plaintiff’s contentinon was that the Administrative Code was inapplicable since the amount he received as salary was proper for the position of Junior Epidemiologist. In holding that the plaintiff was entitled to recover, the trial court stated, “ On the record before me I have reached the conclusion that plaintiff is entitled to recover * * * (b) the sum of $1,390.28 for the period from June 29, 1940, to April 10, 1943, during which time a differential of $500 per annum existed between the salary plaintiff actually received as a junior epidemiologist and the compensation he would have received as a Medical Consultant in Social Hygiene during the period.” (N. Y. L. J., Sept. 19, 1947, p. 517, col. 3.)
*186 The decision of the trial court was affirmed without opinion by both the Appellate Division of the Supreme Court of the State of New York (274 App. Div. 1049 [1st Dept.]) and the Court of Appeals of the State of New York.
The statute has also been found to be inapplicable to a City employee who seeks additional compensation for additional services (see Matter of Mahoney v. Board of Educ., 179 App. Div. 782 [1st Dept.]).
The court finds, under the facts of this case, that section 93o-2.0 of the Administrative Code is not applicable and the plaintiff is not barred from the recovery of the salary differential represented by the six cheeks that were not indorsed 1 ‘ under protest ”.
Accordingly the motion is granted and judgment is directed to be entered in favor of the plaintiff in the amount of $872.10, together with interest and costs.