OPINION OF THE COURT
Burton S. Sherman, J.
The judgment debtor moves to resettle an order of this court, dated March 11, 1983. The order had granted the judgment creditor’s motion pursuant to CPLR 5225 (subd [c]) directing the judgment debtor, a real estate holding company, to. deliver shares of the capital stock of its wholly owned subsidiary corporations to the Sheriff of the City of New York for sale to satisfy the judgment. This motion seeks to resettle the order to provide that if any public auction of the stock is held the plaintiff “first shall comply with all applicable registration requirements of the Securities Act of 1933” or in the alternative that it be directed that the sale of such stock shall be private.
The judgment debtor is a real estate holding company with about 226 wholly owned subsidiaries. The shares of capital stocks of the subsidiaries are not registered with the Securities and Exchange Commission. It is conceded that such shares are securities within the definition of the Securities Act of 1933 (US Code, tit 15, § 77a et seq.) and subject to its jurisdiction. The act -requires that all securities offered for sale be registered with the Securities and *415 Exchange Commission (US Code, tit 15, § 77e, subd [c]). However, there are exceptions to this. Subdivision (1) of section 77d of the Securities Act states: “The provisions of section 77e of this title shall not apply to — (1) transactions by any person other than an issuer, underwriter, or dealer.”
Subdivision (2) of section 77b of the act defines the term “person” as “an individual, a corporation * * * or a government or political subdivision thereof”. Subdivision (4) of section 77b defines the term “issuer” as “every person who issues or proposes to issue any security”. Subdivision (11) of section 77b (US Code, tit 15, § 77b, subd [11]) defines the term “underwriter” as “any person who has purchased from an issuer with view to, or offers or sells for an issuer in connection with, the distribution of any security”. And finally, subdivision (12) of section 77b defines the term “dealer” as “any person who engages * * * in the business of * * * trading in securities issued by another person.”
The question for determination is whether the Sheriff or the judgment creditor must first register the securities with the Securities and Exchange Commission before there can be a sale to satisfy the judgment or whether such judicially directed sale is exempt from the afore-mentioned provisions.
The office of Sheriff representing the crown in the County of Shire dates back to the time of the Saxon King, Alfred of England. As the office evolved its duties became more clearly defined and it assumed judicial as well as executive and military powers. (Matter of Grifenhagen v Ordway, 218 NY 451.) It was imported by the colonists from England and recognized by the earliest Constitution and statutes of New York. (Matter of Flaherty v Milliken, 193 NY 564.) While many of its executive and discretionary powers have long since been curtailed, it has continued to maintain its judicial duties, although they are now for the most part ministerial. “[T]he sheriff is [therefore] an officer of the court in the First Judicial District and * * * has duties * * * too numerous to mention in connection with the administration of justice” (Hanley v City of New York, 250 App Div 552, 554, affd 275 NY 482). Under CPLR article 52 the court is directed to designate the *416 Sheriff to assist it in the collection of money judgments (CPLR 5202, 5204, 5222, subd [a]; 5229, 5231, 5232, 5233, 5250). Specifically, CPLR 5225 (subd [c]) directs payment or delivery of property in possession of the judgment debtor. “If the * * * order does not specify particular property, the judgment debtor may select the property to be relinquished to the sheriff.” (6 Weinstein-Korn-Miller, NY Civ Prac, par 5225.06.) CPLR 5233 directs the Sheriff at public auction to sell personal property of the debtor to satisfy a judgment.
The office of Sheriff is therefore an arm of the court. It is not an issuer, an underwriter, a dealer nor an agent of the foregoing. The proposed sale, therefore, of the securities in this case is exempt from the registration requirements of the Securities Act. (US Code, tit 15, § 77d, subd [1].) While there are no cases in New York directly in point, statutes have long recognized that the duties of the Sheriff to sell securities to satisfy judgments must be unencumbered by any registration requirements.
Section 359-f (subd 1, par [Z]) of the General Business Law of the State of New York commonly known as the “Blue Sky Laws” specifically exempts “Securities sold or offered for sale at any judicial * * * sale, or any sale by a receiver or trustee in insolvency or bankruptcy, or at a public sale by auction held at an advertised time and place.” (See, also, Administrative Code of City of New York, § B32-216.0, subd 2.)
Nor do the provisions of the Securities Act apply to the judgment creditor, for he has no title in any property to be sold and his only interest in the securities is to the extent of satisfying his judgment. The judgment debtor, of course, loses control of the securities once it is delivered to the Sheriff.
The Securities Act of 1933 was New Deal legislation, designed to cure abuses in the securities field. Its purpose was to protect the public from being defrauded by unscrupulous stock manipulators or “robber barons”. It was never intended to inhibit the collection of money judgments nor to assist judgment debtors to avoid payment of legitimate claims. The Securities and Exchange Commission has rec *417 ognized this policy and administered the law accordingly.* The case of Securities & Exch. Comm, v Guild Films Co. (279 F2d 485, cert den sub nom. Santa Monica Bank v Securities & Exch. Comm., 364 US 819), relied upon by the judgment debtor, is distinguishable. There a bank foreclosed on registered securities which had been pledged as collateral for a loan. It was not permitted to sell the unregistered securities. Clearly the interest of the bank and the control it exercised over the securities in its custody was different from that of the Sheriff and the judgment creditor in this case. The distinction is one of interest and control by the seller and the probability of misuse at the expense of the investing public. (See, also, Neuwirth Inv. Fund v Swanton, 422 F Supp 1187, which refused to follow the Guild case.)
There is not the slightest evidence in this case that there is a conspiracy afoot to cause the unsuspecting public to invest in worthless securities. The only prejudice appears to be in the delay caused to the judgment creditor in attempting to satisfy its claim. The proposed sale by the Sheriff is exempt from the provision of the Securities Act of 1933. The motion is denied.

 This is recognized by various “no action” letters. (See National Petroleum, Inc. CCH Fed Sec L Rptr, par 81,038 [1976]; Halobeam, Inc., CCH Fed Sec L Rptr, par 78,429 [1971]; Triton Oil & Gas Corp., CCH Fed Sec L Rptr, par 78,351 [19711; Margaret Smith Cunningham, CCH Fed Sec L Rptr, par 78,041 [1971]; Olympic Petroleum Co., CCH Fed Sec L Rptr, par 80,793.)